340 So.2d 287 (1976)
Ruth Woodard MITCHELL
v.
D. L. BERTOLLA.
No. 57971.
Supreme Court of Louisiana.
November 8, 1976.
Rehearing Denied December 20, 1976.
*288 Bobby L. Culpepper, Baker, Culpepper & Brunson, Jonesboro, Hal R. Henderson, Arcadia, for plaintiff-applicant.
John M. Stewart, Arcadia, for defendant-respondent.
DIXON, Justice.
This is a suit to cancel an option to purchase contained in a lease agreement. The trial judge sustained an exception of lis pendens. Upon plaintiff's appeal, the Court of Appeal sustained an exception of no cause of action because of a previous final judgment ordering specific performance under the same option agreement the cancellation of which is sought here. Mitchell v. Bertolla, 328 So.2d 380 (La.App. 2d Cir. 1976).
We granted writs to examine the res judicata issue, which the Court of Appeal had avoided by holding that the prior judgment had rendered the case "moot."

Facts
On May 13, 1971 Mrs. Ruth Mitchell granted a lease to D. L. Bertolla affecting two tracts of land (said to total 541 acres) *289 in Bienville Parish. The lease was for a three year term and provided for a monthly rental of $75.00. The agreement concluded with an option to the lessee to purchase either tract, or both, for $55,000 for the larger and $25,000 for the smaller, at any time during the lease. On January 18, 1972 Mr. Bertolla notified Mrs. Mitchell that he intended to exercise his option to purchase the smaller of the two tracts. On January 21, 1972 Mrs. Mitchell filed suit No. 20800 in the Second Judicial District Court, Parish of Bienville, seeking cancellation of the agreement for nonpayment of rentals due on December 15, 1971 and January 15, 1972. Bertolla answered alleging payment of the rentals. Bertolla then filed suit No. 20825 against Mrs. Mitchell seeking specific performance of the option to purchase the two tracts of land for a total price of $80,000. In answer to suit No. 20825 Mrs. Mitchell contended that the agreement had terminated because of Bertolla's nonpayment of rent and, alternatively, by reconventional demand, that the option was invalid because of lesion beyond moiety. The suits were consolidated for trial and on September 14, 1973 judgment was rendered for Mr. Bertolla and Mrs. Mitchell was ordered to specifically perform the contract. On September 28, 1973 Mrs. Mitchell filed a suspensive and devolutive appeal. On May 6, 1974, while the appeals were still pending in the Court of Appeal, Mrs. Mitchell filed the instant suit to cancel the lease and option to purchase on the grounds of fraud, lack of consideration and other grounds. Bertolla filed an exception of lis pendens, an answer and reconventional demand. The exception of lis pendens was tried and submitted on June 14, 1974. On September 4, 1974 the Second Circuit Court of Appeal affirmed the judgment of the district court in the two original suits. Mitchell v. Bertolla, 300 So.2d 209. Those judgments became final on November 22, 1974 when this court denied writs. Mitchell v. Bertolla, 303 So.2d 179. On January 17, 1975 the trial court sustained the exception of lis pendens in the present suit. Mrs. Mitchell appealed that ruling to the Second Circuit Court of Appeal, and, prior to oral argument in the Court of Appeal, the defendant, Bertolla, filed a plea of judicial estoppel, exceptions of res judicata and no cause of action based on the prior final judgment.

Estoppel
It should be noted in the beginning of the discussion of the plea of judicial estoppel that we do not reach, in this case, the question of whether such a doctrine continues to be available in Louisiana. We find that there would be no merit in the plea under the jurisprudence of the common law jurisdictions which have developed the doctrine of collateral estoppel as a device for "issue preclusion." Under the existing body of Louisiana jurisprudence, considered as a whole, it might be that collateral estoppel is either (1) not needed (except in rare and perhaps isolated cases); or (2) not compatible with the "civilian" concept of res judicata. In a case in which the result would differ, depending on whether collateral estoppel or the "civilian" doctrine of res judicata controls, the collateral estoppel doctrine might or might not survive in Louisiana. To date, however, the doctrine has been recognized.
California Co. v. Price, 234 La. 338, 99 So.2d 743 (1957), "adopted common law estoppel as one of the bases for its decision . . ." Maloney, Preclusion Devices in Louisiana: Collateral Estoppel, XXXV La.L.Rev. 158, 167 (1974). Other Louisiana cases have recognized the doctrine. Quarles v. Lewis, 226 La. 76, 75 So.2d 14 (1954); Buillard v. Davis, 185 La. 255, 169 So. 78 (1936); Heroman v. La. Inst, of Deaf & Dumb, 34 La.Ann. 805 (1882). The term "judicial estoppel" was used in Quarles v. Lewis and California Co. v. Price. Actually, "judicial estoppel" is more nearly related to our "judicial confession" of C.C. 2291. The common law doctrine of "collateral estoppel" precludes relitigation of material facts previously litigated and relied upon by the court. See XXXV La.L.Rev. 158, 167, footnote 52. Collateral estoppel is a doctrine of issue preclusion and "is the effect of a prior judgment in a subsequent suit between the parties brought on a different *290 cause of action." XXXV La.L.Rev. 158, 159. The prior judgment is a bar to the relitigation of issues raised, litigated and decided in that prior suit.
The unfortunate and difficult problem in Louisiana is the different meaning and connotation which the common law and the civil law would attach to the same words used in the Civil Code. Unless we develop an issue preclusion doctrine like collateral estoppel, but peculiar to Louisiana, we must work within the framework of the common law. Since, at common law, collateral estoppel is available only when the causes of action in the two suits are different, we must define "cause of action" in common law terms.
The introduction to the chapter on "Identity of Cause of Action" in Freeman's A Treatise of the Law of Judgments (1925), begins:
"There is no precise rule for determining what constitutes an entire cause of action since this depends to a considerable extent upon the particular facts of the case.. . ." Freeman, Law of Judgments, § 678, 1433.
Specifically, however, it is clear that only a single cause of action exists when the effort in the litigation is to have a deed or contract set aside:
"Thus where a right to have a deed or a contract set aside is claimed, there is but a single cause of action though several grounds such as fraud, undue influence, and mental incapacity may be relied upon. Though the attack is based upon fraud, a denial of relief bars a subsequent attack for indefiniteness in the description. . . ." Freeman, Law of Judgments, § 681, 1438.
The American Law Institute restatement of the common law rules is the same. Restatement of the Law of Judgments, § 63, Comment d (1942).
In the case before us, Mrs. Mitchell asserts fraud, misrepresentation and other grounds for the nullity of the option to purchase. In the prior suits the grounds asserted for the nullity of the option were nonpayment of rent and lesion beyond moiety.
An analysis of the two suits in common law terms, to determine whether a common law doctrine of estoppel prevents this suit, is that both the earlier and later suits are on the same "cause of action," although based on different "grounds."
For this reason, the plea of "judicial estoppel" is not available, and is overruled.

Res Judicata
Since Hope v. Madison, 194 La. 337, 193 So. 666 (1940), it has been necessary to distinguish, in res judicata cases, whether it is the common law or civilian doctrine under consideration. Prior to 1940, the jurisprudence in Louisiana was in excusable confusion, since the jurisprudence of myriad common law jurisdictions was more available to the Louisiana lawyer than were French doctrinal writings. O'Quin's Res Judicata"Matters Which Might Have Been Pleaded," II La.L.Rev. 347 and 491, was the first of several thorough examinations of the res judicata problem in Louisiana. The writers agree that it is the civilian doctrine, and not the common law doctrine of res judicata established in Louisiana by C.C. 2286. Loehn, Res Judicata: Cause vs. Common Law, 22 Loyola L.Rev. 221 (1976); Maloney, Preclusion Devices in Louisiana: Collateral Estoppel, XXXV La.L.Rev. 158 (1974); Arbour, The Louisiana Concept of Res Judicata, XXXIV La.L.Rev. 763 (1974); Tate, Procedure, XXIX La.L.Rev. 269, 278 (1969). See also Kerameus, Res Judicata: A Foreign Lawyer's Impression of Some Louisiana Problems, XXXV La.L.Rev. 1151 (1975). Recent cases of this court represent a uniform effort to rely upon civilian interpretation in applying C.C. 2286. Sliman v. McBee, 311 So.2d 248 (La.1975); Scurlock Oil Co. v. Getty Oil Co., 294 So.2d 810 (La.1974); New Orleans Firefighters v. City of New Orleans, 263 La. 649, 269 So.2d 194 (1972).
It is true that some decisions of this court since 1940 seem more compatible with the common law doctrine of preclusion than with the civilian. One such case relied on *291 by defendant here is Succn. of Reynolds, 231 La. 410, 91 So.2d 584 (1956). There it was held that a will, unsuccessfully attacked in prior suits because of a date uncertain and false, could not again be attacked upon the new allegation that the reason for the false date was the absence of the testatrix from the state while the will was locked in a safe in the state on the date fixed by the court. The Reynolds case is of no help to defendant. Although the court did not so analyze it, it can be said that the cause was the same in each suitthe invalidity of the will for a vice of form. Only the evidence alleged to support the claim was different in the last suit. Contra, XVII La.L.Rev. 849.
As with the well established exceptions recognized in Hope v. Madison, supra, there will be areas in Louisiana jurisprudence in which the application of French doctrine, as we perceive it, might result in a conclusion different from that reached by this court in balancing the competing interests. See Fulmer v. Fulmer, 301 So.2d 622 (La.1974) relitigation of fault in divorce action; McKnight v. State, 68 So.2d 652 (La.App. 1st Cir. 1953); XIV La.L.Rev. 901masterservants liability. Such cases can not be interpreted as evidence of a return to common law preclusion devices, and can not be understood as withdrawing from the position of Hope v. Madison, supra. The res judicata of C.C. 2286 is not the res judicata of the common law.

Cause or Cause of Action?
C.C. 2286 provides:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."
Article 1351 of the Code Napoleon of 1804 is the same as the French in our C.C. 1808, p. 315, Art. 252: "il faut que la chose demande soit la meme . . ." Our C.C. 1808, p. 314, Art. 252, English version, translates that phrase correctly: "The thing demanded must be the same . . ." Then follows a phrase which has no counterpart in the French text: "the demand must be founded on the same cause . . ." This clause then appears in the French version of Art. 2265 of C.C. 1825 as: "que la demande soit fondeé sur le meme cause. . ." But in the English version of Art. 2265 of C.C. 1825, the clause is exactly like that in Art. 2286 of C.C. 1870: "the demand must be founded on the same cause of action." Dainow, Compiled Edition of the Civil Codes of Louisiana (1972).
It is generally accepted that "cause of action" is a mistranslation. Procedure, XXIX La.L.Rev. 269, 282, footnote 65; Sliman v. McBee, supra, footnotes 11 and 12. Although the difference is often noted, it has not before now been necessary to decide whether the phrase "cause of action" means the same as at common law. As previously noted, plaintiff's earlier suits to set aside the option and the present suit to set it aside, although brought on different "grounds," constitute the same cause of action.
The cause is said to be the juridical or material fact which is the basis of the right claimed, or the defense pleaded. 2 Planiol, Traite Elementaire De Droit Civil, 34 (11 ed. 1939). Stated otherwise:
". . . Cause is the principle upon which a specific demand is grounded while cause of action embraces the cause and the demand, and is related to the party making the demand. . . ." Maloney, Preclusion Devices in Louisiana: Collateral Estoppel, supra, at 165, footnote 41.
Cause in Louisiana may be likened to the "grounds" described by Freeman:
". . . There is an obvious distinction between grounds of action and cause of action; a single cause of action may be based upon several grounds, in which event, whether actually litigated or not, they are all merged in the judgment which bars a new action on the same cause of action on a different ground.

*292 . . ." Freeman, Law of Judgments, § 681, 1437-38.
Plaintiff's earlier suit sought to nullify the contract for nonpayment of rent and for lesion beyond moiety. Those were the juridical facts upon which she based her claim, and with which she defended the suit for specific performance. Each was a "cause" of the earlier suit. The cause of the instant suit is fraud, lack of consideration, and others.
We hold that the words "cause of action" in C.C. 2286 are to be interpreted to mean "cause," and we will look to civilian doctrine, if need be, to explain the meaning of "cause."
O'Quin described the prevailing view of cause in actions to nullify an instrument:
". . . each of the vices is a separate cause, and therefore failure of the plaintiff in an attack on the ground of fraud will not bar a subsequent attack on the grounds of error or duress, or any other vice. This view has been adopted by practically all the modern commentators." II La.L.Rev. 347, 358.
Hope v. Madison, supra, in addition to its importance in deciding against following common law theories of res judicata, is similar in its relevant facts to the case before us. Mrs. Hope sued her lawyer to have a sale nullified for fraud, lack of consideration and misrepresentation. She lost, then brought another action to set aside the contract as a sale of a litigious right.
The court held there was no identity of cause, and the plea of res judicata was denied. There is no identity of cause in the instant suit, and the plea of res judicata should be overruled.

Lis Pendens
The trial court was in error in sustaining the defendant's exception of lis pendens. Although the exception of lis pendens in this suit was argued while the prior suits were still pending on appeal, the judgment in the prior suits became final when this court denied writs on November 22, 1974. Mitchell v. Bertolla, 303 So.2d 179. On January 17, 1975, two months after that judgment was final, the trial court, sustained the exception of lis pendens. C.C.P. 531 sets out the requisites to support a successful plea of lis pendens:

"When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all." (Emphasis added).
The action of the trial court was erroneous because at the time of its ruling there were not "two or more suits pending." In fact, only the instant suit was pending.
Accordingly, the judgments of the Court of Appeal and the trial court are reversed and the case is remanded for further proceedings not inconsistent with this opinion. Taxing costs of these proceedings is to await the conclusion of the case.
PER CURIAM.
In his application for rehearing, the defendant correctly notes that we did not specifically treat his exception of no cause of action. The exception was based upon dual grounds: that the case is moot and that plaintiff had knowledge of the present grounds for cancellation at the time of the prior suits but failed to urge them.
We found no merit in either of these grounds. The case is not moot because the option is presently enforceable, absent the termination of this litigation in plaintiff's favor.
The argument that plaintiff failed to urge the present grounds in the former suits is in essence an erroneous theory of res judicata, rejected in our treatment of the res judicata issue.
The application for rehearing is denied.