359 So.2d 154 (1978)
B. E. WELCH
v.
CROWN ZELLERBACH CORPORATION.
No. 61235.
Supreme Court of Louisiana.
May 22, 1978.
Rehearing Denied June 15, 1978.
*155 Charles B. W. Palmer, Amite, for plaintiff-applicant.
Charles M. Hughes, R. Bradley Lewis, Bogalusa, for defendant-respondent.
DIXON, Justice.
Plaintiff B. E. Welch brought suit against Crown Zellerbach Corporation (Crown) for workmen's compensation benefits. The trial court maintained peremptory exceptions of prescription, peremption and res judicata filed by the defendant and dismissed plaintiff's suit with prejudice. The First Circuit Court of Appeal affirmed the judgment on the exception of peremption, not reaching the plea of res judicata. 351 So.2d 1255 (La.App.1977). We granted writs to review that ruling.
B. E. Welch, a timber cutter, was injured on May 20, 1970 when he stepped into a hole while loading logs onto a pulpwood truck. On April 28, 1971 Welch filed suit seeking workmen's compensation benefits against Robert Campbell, Inc., alleging that he was an employee of that corporation and that he was injured during the course of his employment. On August 19, 1971 Welch joined Austin Carpenter as defendant and amended his petition to allege that he was employed by Carpenter who in turn was a subcontractor of Campbell. The case went to trial and judgment was rendered in favor of Welch, holding the defendants liable in solido for workmen's compensation benefits. Only defendant Campbell appealed. The First Circuit Court of Appeal reversed the judgment of the lower court insofar as it held Campbell liable, holding that because certain interrogatories taken from Campbell, although in the record before the court, had not been introduced at trial, there was no evidence which the court could consider establishing Campbell's status as statutory employer. Welch v. Robert Campbell, Inc., 316 So.2d 822 (La.App. 1st Cir. 1975), writ denied 321 So.2d 523 (La. 1975).
On October 11, 1973 Welch filed the present action against Crown. In his petition plaintiff alleged that he was injured while employed by Carpenter; that Carpenter was a subcontractor of Campbell; and that Campbell was a subcontractor of Crown. Crown filed the peremptory exceptions mentioned above and the plaintiff responded with the argument that Crown was solidarily liable with Carpenter and Campbell and that the periods of prescription and peremption were interrupted by suit against those solidary obligors. R.S. 23:1209; C.C. 3552; see Malone, Louisiana Workmen's Compensation Law and Practice, § 384, p. 502 (1951). The trial court maintained the exceptions and dismissed the action.
The Court of Appeal affirmed, holding that prescription was not interrupted because the Court of Appeal had previously held that Campbell was not liable to the plaintiff for workmen's compensation, and therefore could not be solidarily liable with Crown. The court thus gave preclusive effect to the prior judgment in Welch v. Robert Campbell, Inc., supra.
The Court of Appeal relied on Trahan v. Liberty Mutual Insurance Co., 314 So.2d 350 (La.1975), in sustaining the defendant's plea *156 of prescription. In Trahan, four men were killed while working in a salt mine operated by Diamond Crystal Salt Company. Their widows brought suit for wrongful death benefits against six executive officers of the company and their insurers, Liberty Mutual Insurance Company and The Insurance Company of North America. The case was tried and the jury's exoneration of the defendants was affirmed by the Court of Appeal. After judgment, two of the plaintiffs filed a second suit against Liberty Mutual and INA alleging that the wrongful deaths were caused by the negligence of the other two original plaintiffs. In response to the defendants' plea of prescription, the plaintiffs argued that prescription was interrupted by the prior suit against Liberty Mutual and INA under the provisions of R.S. 9:5801 and C.C. 2097. This court found that R.S. 9:5801 had no application because the causes of action in the two suits were different because a cause of action in tort has no identity independent of the defendant upon whose fault the suit is based, and there was no allegation of common fault linking the insureds in the two suits. Because there were two separate causes of action, there could be no solidarity in liability between the defendants in the first suit and the defendants in the second suit. Accordingly, we sustained the exception of prescription.
In the present case, Welch has a single action for workmen's compensation benefits with the right to proceed under R.S. 23:1061 against either the subcontractor, the principal, or both. Trahan, therefore, is not controlling. Instead, the proper resolution of the case depends upon whether the plaintiff is prevented by the operation of res judicata or some other preclusion device from reexamining the relation of Robert Campbell, Inc. to the plaintiff and Crown Zellerbach.

RES JUDICATA
As a result of our civilian heritage, res judicata under Louisiana law is perceived to be much narrower in scope than its counterpart in common law jurisdictions. See 51 Tul.L.Rev. 611 (1977); Maloney, Preclusion Devices in Louisiana; Collateral Estoppel, 35 La.L.Rev. 158 (1974). Louisiana legislative authority for res judicata establishes a presumption of correctness and precludes relitigation of the object of the judgment only when there is (1) an identity of the parties, (2) an identity of "cause" and (3) an identity of the thing demanded. C.C. 2285-2287, 3556(31); Mitchell v. Bertolla, 340 So.2d 287 (La.1976); Sliman v. McBee, 311 So.2d 248 (La.1975); Scurlock Oil Co. v. Getty Oil Co., 294 So.2d 810 (La.1974). The absence of any of these identities is fatal to a plea of res judicata.
There exists an identity of parties whenever the same parties, their successors, or others appear so long as they share the same "quality" as parties. See Quinette v. Delhommer, 247 La. 1121, 176 So.2d 399 (1965); 2 Planiol, Traite Elementaire de Droit Civil, No. 54A(4) at 35-36 (11th ed. La.State L.Inst.trans.1959). Crown Zellerbach and Robert Campbell, Inc. do not represent the same entity in the present case and either or both could be held liable for the full amount under R.S. 23:1061. Because there is no identity of parties in the present suit and the former action against Robert Campbell, Inc., res judicata does not prevent the relitigation.

COLLATERAL ESTOPPEL
The defendant maintains that Welch is precluded from relitigating the issue of the liability of Robert Campbell, Inc. by the issue preclusion device termed collateral estoppel.
Collateral estoppel is a doctrine of issue preclusion alien to Louisiana law. Developed in the common law, the device precludes the relitigation of issues actually decided in a prior suit between the parties on a different cause of action. See Mitchell v. Bertolla, supra, and the authorities collected therein. Even among common law jurisdictions the doctrine is not applied uniformly since there are different theories on whether "mutuality" or an identity of parties is necessary. See Annot. 8 A.L.R.3d 1044 (1970).
*157 Because of a basic difference between the meanings ascribed to the common law from "cause of action" and the civil law "cause" in res judicata, the doctrine of collateral estoppel is not susceptible of an orderly application in a jurisdiction utilizing civil law terminology. Under the common law, res judicata applied where there is an identity of parties and causes of action in both suits. See 51 Tul.L.Rev. 611 (1977). Unlike the limited meaning given "cause" in our system, "cause of action" encompasses all grounds upon which the claim might have been based. Collateral estoppel, developed to supplement common law res judicata, is therefore necessarily defined in terms which have different meanings when used in Louisiana.
The introduction of collateral estoppel into our system would effectuate a change fundamentally different from that established by ancient legislation. By choosing to define res judicata in narrow terms, the legislators apparently concluded that the inconvenience caused by relitigation is outweighed by the injustice of perpetuating erroneous judicial decisions. The adoption and application of an issue preclusion device which would broaden the operation of res judicata in Louisiana would subvert the original ideal established by codes.
While this court has on occasion recognized collateral estoppel in our system of law, no clear understanding of the application of that doctrine has been developed in the cases or in legal literature. Therefore, we hold that none of the variations of the common law doctrines of res judicata apply in Louisiana.

CONCLUSION
Both lower courts erred in sustaining the defendant's exception of prescription without deciding whether Crown Zellerbach Corporation was the statutory employer of Welch because of the relationships among Welch, Carpenter, Campbell and Crown. If Crown was solidarily liable to Welch, along with Carpenter and Campbell or either, the earlier suit of Welch v. Robert Campbell, Inc., supra, interrupted prescription running in favor of Welch.
Therefore, the judgments of the lower courts are reversed, and the case is remanded for further proceedings; defendant is cast for costs incurred to date.