414 So.2d 763 (1982)
Robert F. DOYLE
v.
STATE FARM (MUTUAL) INSURANCE COMPANY, Toleda L. Weldon and American Motors Corporation.
No. 81-C-3141.
Supreme Court of Louisiana.
May 17, 1982.
Rehearing Denied June 18, 1982.
*764 David J. Williams, McClain, Morgan & Savoy, Lake Charles, for plaintiff-applicant.
Robert W. Clements and Robert S. Dampf of Stockwell, Sievert, Viccellio, Clements & Shaddock, Lake Charles, for defendants-respondents.
MARCUS, Justice.
Robert F. Doyle instituted this action against Toleda L. Weldon, State Farm Mutual Insurance Company, her automobile liability insurer, and American Motors Corporation, to recover damages for personal injuries sustained when plaintiff's automobile, which was manufactured by AMC, was struck from the rear by Weldon. He alleged that his injuries were caused by Weldon's negligence in the operation of her vehicle and AMC's negligence in failing to manufacture a safe automobile.
AMC filed a declinatory exception based on the pendency of another action previously filed by plaintiff in the federal district court between the same parties, in the same capacities, on the same cause of action, and having the same object.[1] The trial court sustained the exception staying this action "until the pending federal litigation has been discontinued or a final judgment has been rendered."
Subsequently, plaintiff amended his petition in this action to add State Farm, in its capacity as his uninsured motorist carrier, as a party defendant.[2] He alleged that he had an automobile liability policy with State Farm at the time of the accident which provided for uninsured motorist coverage in the amount of $100,000 in the event he was injured by the negligence of an underinsured motorist.[3] He further alleged that Weldon's liability coverage with State Farm ($10,000) was insufficient to cover the damages sustained by him as a result of Weldon's negligence.
On the day of trial in the federal court, Weldon and State Farm, in its capacity as her liability insurer, were released from the federal suit in return for payment to plaintiff of the $10,000 policy limits and a stipulation by all parties that AMC would be entitled to a credit for such payment in the event plaintiff recovered from AMC. In the settlement agreement with Weldon and State Farm, in its capacity as her liability insurer, plaintiff expressly reserved his right to proceed against State Farm, in its capacity as his uninsured motorist carrier. After trial on the merits in federal court, judgment was rendered in favor of plaintiff and against AMC in the amount of $90,000 subject to the aforementioned credit. Judgment was satisfied and no appeal was taken.
*765 Thereafter, this action was removed from the "dead docket" and replaced on the current docket of the court. On joint motion of the parties, the trial court ordered that the claims of plaintiff against AMC, Weldon and State Farm, in its capacity as liability insurer of Weldon, be dismissed with prejudice; however, plaintiff's claim against State Farm, as his uninsured motorist carrier, was expressly reserved to plaintiff. It was stipulated that the sole issue remaining to be resolved was plaintiff's claim against State Farm as the uninsured motorist carrier of plaintiff.
State Farm then filed a motion for summary judgment on the ground that the extent of plaintiff's demands had been determined and fully satisfied as a result of the trial in the federal court. After a hearing, State Farm's motion for summary judgment was granted and plaintiff's suit was dismissed at his cost.[4] Plaintiff appealed. The court of appeal affirmed, holding that there was no issue as to a material fact "since plaintiff's demands were determined in the prior proceeding and the judgment was fully satisfied." Therefore, "as a matter of law ... under these circumstances, the tortfeasor was not an underinsured motorist."[5] On plaintiff's application, we granted certiorari to review the correctness of that judgment.[6]
The issue presented for our determination is whether plaintiff is precluded from re-litigating the extent of his damages.
At the outset, we note that the common law doctrine of judicial estoppel does not apply in Louisiana. Dornak v. Lafayette General Hospital, 399 So.2d 168 (La.1981); Ugulano v. Allstate Insurance Company, 367 So.2d 6 (La.1978). Hence, this doctrine does not preclude plaintiff from re-litigating the extent of his damages. Louisiana legislative authority for res judicata establishes a presumption of correctness and precludes re-litigation of the object of a judgment when there is (1) identity of the parties, (2) identity of "cause," and (3) identity of the "thing demanded." La.Civ.Code art. 2286; Dornak v. Lafayette General Hospital, supra; R. G. Claitor's Realty v. Juban, 391 So.2d 394 (La.1980); Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978); Mitchell v. Bertolla, 340 So.2d 287 (La.1976). In the first suit, tried in the federal court, State Farm, in its capacity as plaintiff's uninsured motorist carrier, was not a party, nor could it have been made a party; in this action, it is the only remaining party defendant. Moreover, it is obvious that the "causes," delictual in one suit and contractual in the other, are not identical. Hence, as there is neither an identity of "parties" nor an identity of "cause," res judicata does not preclude plaintiff from re-litigating the extent of his damages in this suit.
State Farm also contends that La. Code Civ.P. arts. 5 and 425 preclude this action. We do not agree. Article 425 prohibits the division of a cause of action by providing that an "obligee cannot divide an obligation due him for the purpose of bringing separate actions on different portions thereof." Article 5 provides that when a "plaintiff reduces his claim on a single cause of action to bring it within the jurisdiction of the court and judgment is rendered thereon, he remits the portion of his claim for which he did not pray for judgment, and is precluded thereafter from demanding it judicially." As noted in the Comment to art. 5, this "rule is based on the same principle of law as that which forbids the splitting of the cause of action. The rule governing the latter is set forth in art. 425."
In the instant case, we do not have a splitting of the cause of action. Plaintiff's *766 action against Weldon, State Farm, as her liability insurer, and AMC was based on breach of duties or obligations required of persons in their relationships with one another. La.Civ.Code art. 2315 et seq. Plaintiff's cause of action against State Farm, in its capacity as his uninsured motorist carrier, is based on an obligation created by a contract of insurance entered into between the parties. Hence, arts. 5 and 425 are not applicable here.
Accordingly, we conclude that plaintiff is not precluded from re-litigating the extent of his damages in this suit.[7] The court of appeal erred in holding otherwise. We must reverse.

DECREE
For the reasons assigned, the judgment of the court of appeal affirming the trial court's granting of a summary judgment and the dismissal of plaintiff's suit is reversed and set aside and the case is remanded to the district court for further proceedings.
DIXON, C. J., concurs with reasons.
LEMMON, J., dissents and assigns reasons.
DENNIS, J., dissents and will assign reasons.
DIXON, Chief Justice (concurring).
I respectfully concur, agreeing with the opinion except for that part classifying one "cause" as contractual and the other "cause" as delictual. The juridical facts affecting the liability of AMC are the manufacture and sale to Doyle by AMC of a car so unsafe that Doyle was seriously hurt in a collision. This "cause" was litigated in the federal court only. The juridical facts affecting the liability of State Farm is its liability, under the statutes of this state, directly to its insured (Doyle) for an underinsured motorist's negligent collision with Doyle's car. This "cause" is the only one at issue in the state court, and was reserved by Doyle when he settled with State Farm in its capacity as liability insurer of the negligent driver.
LEMMON, Justice, dissenting.
This case illustrates the unfairness of the absolutely inflexible rule adopted in Mitchell v. Bertolla and Welch v. Crown Zellerbach Corp., above, which limits issue preclusion devices to the narrowly defined res judicata in C.C. Art. 2286.
In the present case, plaintiff chose to litigate the issue of damages in federal court. Plaintiff was accorded his day in court and had the full opportunity to present to the federal jury every bit of evidence on the amount of damages that he sustained in the accident. Now, simply because the jury decided that the total amount of damages against a defendant (who was apparently self insured or covered by adequate insurance) was less than the amount of insured motorist coverage available to plaintiff (an amount apparently unknown to the jury), plaintiff seeks to relitigate the issue.
There is absolutely no equitable justification for allowing plaintiff to relitigate this issue.[1] To the contrary, the concept of equity (the theory on which most issue preclusion *767 devices is based) and the notions of judicial economy and fundamental fairness dictate that plaintiff be prohibited from relitigating the issue of damages in a second trial forum after having had a full opportunity to do so in the first trial forum.
My fundamental difficulty is my belief that there should be no absolutes or inflexible rules in the civil law. The very nature of the judicial process requires that courts have flexibility to deal with the situations that arise in each individual case. While the codal articles provide the rules under which res judicata must be applied, the court should have the equitable power to determine in a particular case that an already adjudicated issue should not be relitigated and that the parties should be bound by the prior determination. See Brown v. Globe Tool Co., 337 So.2d 894 (La.App. 4th Cir. 1976). In dealing with these questions, courts should apply the civilian concepts of equity in those cases in which the particular situation demands a flexible approach to the decision. See C.C. Art. 21.[2]
Because the lower court reached the correct result in the present case, I would affirm the judgment of the court of appeal.
NOTES
[1] In the federal suit, based on diversity jurisdiction, plaintiff sued AMC alleging that a product defect in the seat of his AMC automobile was a cause of his injuries. AMC filed a third party demand against Weldon and State Farm, her liability insurer, alleging that Weldon's negligence was a cause in fact of plaintiff's injuries; therefore, AMC was entitled to contribution and/or indemnification from third party defendants.
[2] Plaintiff, in his brief to this court, notes that he was unable to make his uninsured motorist carrier a party defendant in the federal action in that an insurer is deemed to be a citizen of the state of its insured; therefore, no diversity of citizenship existed between them. 28 U.S. C.A. 1332(c).
[3] La.R.S. 22:1406(D) sets forth the provisions that govern the issuance of uninsured motorist coverage in this state. Subsection (2)(b) provides:

For the purposes of this coverage the term uninsured motor vehicle shall, subject to the terms and conditions of such coverage, also be deemed to include an insured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the amount of damages suffered by an insured and/or the passengers in the insured's vehicle at the time of an accident, as agreed to by the parties and their insurers or as determined by final adjudication.
[4] La.Code Civ.P. art. 966 provides that a motion for summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
[5] 406 So.2d 261 (La.App.3d Cir. 1981).
[6] 410 So.2d 760 (La.1982).
[7] We note that this conclusion is consistent with the insurance contract between plaintiff and State Farm, Part IV.Protection Against Uninsured Motorist Coverage Used, Paragraph 2, which provides:

No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company.
[1] The situation would be different, of course, if plaintiff had not been able to collect the entire amount of the $90,000 federal court judgment and was seeking to enforce that judgment against the uninsured motorist carrier, who had not been a party to the federal trial. In such a situation, the insurer, who had never had an opportunity to cross-examine plaintiff's witnesses on damages or to present its own evidence on that issue, clearly would be entitled to its "day in court".
[2] The positive law is silent, in the respect that C.C. Art. 2286 does not expressly provide for exclusive applicability of the article to all relitigation questions. Indeed, several jurisprudential exceptions were retained in the Mitchell and Welch decisions.