421 So.2d 253 (1982)
DECATUR-ST. LOUIS COMBINED EQUITY PROPERTIES, INC. VENTURE
v.
R. Clyde ABERCROMBIE et al.
No. 12858.
Court of Appeal of Louisiana, Fourth Circuit.
July 30, 1982.
Rehearing Denied November 19, 1982.
James E. Stovall, Jackson & Stovall, New Orleans, for plaintiff-appellant.
Frank J. D'Amico and Joseph V. Bologna, New Orleans, for defendants-appellees.
Before REDMANN, C.J., and AUGUSTINE and CIACCIO, JJ.
REDMANN, Chief Judge.
Three persons took title to an immovable. One of those three and a partnership in commendam sued the other two title-holders in a suit still pending for a declaratory judgment that the three had taken title for the partnership and that the partnership in truth owns the property. The partnership thereafter filed this possessory action, alleging that defendants had disturbed its possession in that they "refused to allow" the payment of rent to plaintiff by its tenant (a corporation) and they changed the door locks on the property. Plaintiff now appeals from a judgment dismissing this suit on an exception. We reverse.
The exceptions recited as their grounds lis pendens, improper cumulation of actions, res judicata, and no cause of action.
Lis pendens, La.C.C.P. 531, is inapplicable because the object of the two suits is not the same. One demands a declaration of ownership and the other demands restoration to possession. Res judicata, La. C.C. 2286, is a related ground, the distinction between the two grounds being only that in the first the suit is still pending and in the second it has been finally decided. See Mitchell v. Bertolla, 340 So.2d 287 (La. 1976). There is no other similar preclusion device, such as the common law doctrine of judicial estoppel, in Louisiana. Mitchell; Doyle v. State Farm (Mut.) Ins. Co., 414 So.2d 763 (La.1982).
The grounds of improper cumulation and of no cause of action are both urged on the basis that C.C.P. 3657 prevents a plaintiff from maintaining both petitory and possessory actions. That legal premise may be sound, but plaintiff's first action was not a petitory action under C.C.P. 3651 but a declaratory judgment action allowed under *254 C.C.P. 3654. Plaintiff alleges it was in possession through its lessee and its first action was thus not by a claimant "who is not in possession," C.C.P. 3651, and was therefore not a petitory action.
It was therefore error to maintain the exception.
Reversed and remanded.