436 So.2d 536 (1983)
SAFECO INSURANCE COMPANY OF AMERICA
v.
Lesley PALERMO.
No. 82-C-2892.
Supreme Court of Louisiana.
June 27, 1983.
Rehearing Denied September 1, 1983.
Robert J. Vandaworker, Taylor, Porter, Brooks & Phillips, Baton Rouge, for applicant.
Carolyn Pratt Perry, Franklin, Moore & Walsh, Baton Rouge, for respondent.
WATSON, Justice.
The issue is whether this litigation is barred by either res judicata or law of the case.

FACTS
Safeco Insurance Company of America filed suit against Lesley Palermo for contribution of $2,555.60, representing one-half of the amount paid to Southern Farm Bureau Casualty Insurance Company as a result of a judgment in a subrogation suit filed by Southern Farm against Safeco and its insureds, Victor and Nick Glaviano.
*537 After this suit was filed, exceptions of res judicata and law of the case on behalf of defendant, Lesley Palermo, were sustained by the trial court.[1] The court of appeal reversed and remanded for trial. Safeco Ins. Co. of America v. Palermo, 422 So.2d 1375 (La.App. 1 Cir.1982). A writ was granted to consider the judgment. 427 So.2d 865 (La., 1983).
On February 27, 1979, an automobile owned by Victor Glaviano and operated by Nick Glaviano stalled on Louisiana Highway 1. After the driver activated his emergency flashers, the automobile was struck from behind by an automobile owned by Peter Palermo and operated by Lesley Palermo. Southern Farm, the collision insurer of the Palermo automobile, paid $3,662.01 for the property damage and $660.28 for the medical expenses of Lesley Palermo, Daniel Fabre and John Glynn Breau.
In the first suit, Southern Farm alleged that it was the collision insurer of the automobile owned by Peter Palermo and paid medical expenses of the occupants. Southern Farm claimed a right of subrogation against Victor and Nick Glaviano and their insurer, Safeco Insurance Company of America, and received a judgment for $4,322.29 against those defendants. The answer to the petition admitted that the Glaviano vehicle was involved in an automobile accident on which Safeco provided certain liability coverage. It was alleged in the answer that the sole cause or, alternatively, a contributing cause of the accident was the negligence of Peter Palermo which barred recovery by Southern Farm. Any negligence by Lesley Palermo was not pleaded. The testimony at the first lawsuit is not in evidence. There was no evidence at the hearing on the exceptions and counsel for plaintiff was not present. Thus, the only record available for consideration consists of the pleadings in the first suit and the pleadings in this second suit.

LAW
In Louisiana, relitigation of the object of a judgment is barred when there is: (1) identity of the thing demanded; (2) the same cause of action; and (3) the same parties appearing in the same quality. LSA-C.C. art. 2286;[2]Dornak v. Lafayette General Hospital, 399 So.2d 168 (La., 1981). Parties can be represented by their successors or others appearing in the same quality. Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La., 1978).
Mitchell v. Bertolla, 340 So.2d 287 (La., 1976) defined the civilian concept of cause, pointing out that Civil Code Article 2286 mistranslates cause as cause of action and the two terms are not necessarily identical. Cause is the principle, based upon juridical or material fact, which is the basis for a specific demand and is related to the party making the demand. See R.G. Claitor's Realty v. Juban, 391 So.2d 394 (La., 1980).
Collateral estoppel or issue preclusion is not a valid defense in Louisiana. Welch, supra; State ex rel Guste v. City of New Orleans, 363 So.2d 678 (La., 1978). Judicial estoppel does not apply. Doyle v. State Farm (Mut.) Ins. Co., 414 So.2d 763 (La., 1982); Ugulano v. Allstate Ins. Co., 367 So.2d 6 (La., 1978).

CONCLUSION
The writ application alleged that the driver of the Palermo vehicle was the minor son of the owner of the vehicle and negligence of the minor, Lesley Palermo, would be imputable as a matter of law to his father. It was also alleged that the issue of negligence on the part of Lesley Palermo *538 was fully litigated in the first suit. However, Leslie Palermo's status is not set out in the pleadings. Any contributory negligence on his part was not pleaded as a defense in the previous suit, and, as far as this record reflects, was not litigated. LSA-C.C.P. art. 1005.[3] Thus, the issue of Safeco's right to contribution, the basis of this suit, has not previously been decided. Compare Juban, supra.
Lesley Palermo was not a party to the first suit in any capacity. Southern Farm does not represent the "same entity in the present case" that it represented in the prior case, Welch, supra, 359 So.2d at 156. Southern Farm is now defending Lesley Palermo. In the previous suit, Southern Farm appeared solely as the insurer of Peter Palermo. The Glavianos are no longer parties at interest. Thus, the parties to this suit are different from those in the prior suit.
Because the cause of this suit and the prior suit are different and the parties are not identical, res judicata is inapplicable. Welch, supra; Dornak, supra.
Law of the case or issue preclusion is not a valid defense in Louisiana. Welch, supra; Doyle, supra; Ugulano, supra. Even if it were, the issue of Lesley Palermo's negligence has not previously been pleaded or, apparently, decided. While the Glavianos' negligence was necessarily litigated in the first suit, any contributory negligence by Lesley Palermo was not. Thus, there was no implied judgment on the latter question. A possible defense "is only a reason for judgment and forms no part of the judgment." State v. American Sugar Refining Co., 108 La. 603, at 612, 32 So. 965 at 969 (1902). The common law "might have been pleaded" rule does not apply in Louisiana. See 53 Tulane L.Rev. 875 at 895.
For the foregoing reasons, the judgment of the court of appeal is affirmed.
AFFIRMED.
LEMMON, J., concurs in the result.
NOTES
[1] Other exceptions of no right and no cause of action were also sustained. The court of appeal correctly found that these were clearly without merit.
[2] LSA-C.C. art. 2286 provides:

"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."
[3] LSA-C.C.P. art. 1005 provides:

"The answer shall set forth affirmatively arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, division, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, transaction or compromise, and any other matter constituting an affirmative defense. If a party has mistakenly designated an affirmative defense as an incidental demand, or an incidental demand as an affirmative defense, and if justice so requires, the court, on such terms as it may prescribe, shall treat the pleading as if there had been a proper designation."