**In re Barbara Lee HENDERSON**

**Civ. A. No. 88–5338.**
**Bankruptcy No. 87–012913K.**
**Adv. No. 87–0333–K.**

United States District Court,
E.D. Louisiana.

Feb. 1, 1989.

Michael J. Moran, Metairie, La., for Barbara Lee Henderson.

Leonard L. Levenson, Levenson & Bonin, New Orleans, La., for David Egudin.

FELDMAN, District Judge.

Before this Court is an appeal from an Order of the United States Bankruptcy

---

**64**

Court for the Eastern District of Louisiana. Appellant and debtor, Barbara Lee Henderson, appeals the Bankruptcy Court's granting of summary judgment on nondischargeability of a debt in favor the claimant and appellee, David Egudin.[1]

On July 17, 1987, the 24th Judicial District Court, Jefferson Parish, entered a judgment in favor of the claimant and against Carriage Court Condominiums, Ms. Ann Zehentner and the debtor (a real estate agent for Vilmark Brokers, Inc).[2] The Louisiana Court of Appeal for the Fifth Circuit affirmed this judgment. *See Egudin v. Carriage Court Condominium, et al,* 528 So.2d 1043, *writ. denied,* 532 So.2d 136 (1988).

On July 2, 1987, Henderson filed a voluntary petition for bankruptcy under Chapter 7. Mr. Egudin, as judgment creditor of Henderson, then filed a Complaint to Deny Dischargability of Debt and then moved for summary judgment on that complaint.

On July 13, 1988 a hearing on the summary judgment motion was held and the Bankruptcy Court ruled that the state court judgment in favor of claimant was nondischargeable under 11 U.S.C. § 523(a)(4).[3] On this appeal, the debtor now claims that the state court judgment should be a dischargeable debt and that the Bankruptcy Court should be reversed.

The Bankruptcy Court noted in its opinion that it accepted the specific findings of the state court as "clear and convincing evidence" that there is no genuine issue as to any material fact. The findings of fact

the Bankruptcy Court adopted from the state court judgment are as follows:

(1) The debtor was acting as a licensed real estate broker at the time the debt at issue was incurred;

(2) The debtor received a check for the purchase price of a condominium unit from claimant;

(3) The debtor turned the check over to the developer of the condominium rather than placing the check in an escrow account or taking precautions to safeguard the check entrusted to her;

(4) The debtor owed a fiduciary duty to the claimant which she breached; and

(5) The debtor's breach of fiduciary duty was the proximate cause of claimant's loss.

The debtor now makes several arguments which are at odds with the factual findings of the state court judgment.[4] In response, the claimant urges that the doctrines of collateral estoppel and *res judicata* foreclose consideration by the Bankruptcy Court of any further fact finding regarding the issue of dischargeability under 11 U.S.C. § 523(a)(4). Thus, asserts the claimant, the Bankruptcy Court was correct in adopting the findings of fact of the state court as a basis for granting the claimant's Motion for Summary Judgment.

■ This Court disagrees with the claimant. The state court presumably made its findings of fact based on a preponderance of the evidence standard.[5] In the bankruptcy proceeding concerning dischargeability under 11 U.S.C. § 523(a)(4), how-

1. The Bankruptcy Court denied the debtor's Cross-motion for Summary Judgment, but the debtor did not appeal the denial to this Court.

2. In the state court action for specific performance, Mr. Egudin sought the return of the purchase price he made to Ms. Henderson for the purchase of a condominium and consequential damages. Although Mr. Egudin paid the full price for the condominium, he never received title to it because Audubon Federal held a mortgage on the condominiums and foreclosed on them.

3. 11 U.S.C. § 523(a)(4) provides:
    (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does

not discharge an individual debtor from any debt—
    (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

4. For instance, Henderson argues that she had no control over the funds in issue, and thus the money was not "entrusted" to her. She further argues that she only met the claimant briefly— when he came by the office to sign the purchase contract and drop off a check for the full purchase price of the condominium.

5. Neither party states that any other standard was used in the state court proceeding; nor does the state court, in its opinion, state otherwise.

ever, the Bankruptcy Court is required to review the evidence under a clear and convincing evidence standard of proof. *In re Gans*, 75 B.R. 474, 492 (Bankr.S.D.N.Y. 1987). Thus, because the state court did not review the evidence under this heightened standard of proof, the Bankruptcy Court was clearly erroneous [6] in attempting to essentially give the state court judgment the effect of collateral estoppel in the bankruptcy proceeding. *See Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).[7] It is certainly possible that even though the claimant succeeded in convincing the fact finder on a preponderance of the evidence standard of proof, the claimant might or might not have succeeded had he been required to establish his case-in-chief under the higher standard of clear and convincing evidence. Thus, the value given to the state court judgment in the bankruptcy proceeding frustrated the clear and convincing standard which the bankruptcy judge was obliged to apply.

■ Furthermore, the doctrine of *res judicata* is not applicable because the cause of action in the state court proceeding (specific performance) is not identical to the cause of action in this bankruptcy proceeding (complaint for dischargeability). *See Welch, supra* n. 7, at 156.

Accordingly, for the foregoing reasons, the judgment of the Bankruptcy Court is REVERSED and remanded for further pro-

ceedings consistent with this Order and Reasons. This Court expresses no opinion about the dischargeability of the debt, which can only be determined by the Bankruptcy Court after reviewing the evidence under a clear and convincing standard of proof.

---

6. Bankruptcy Rule 8013 provides:

On an appeal the District Court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of Fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

7. The *Brown* Court stated:

If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of [§ 523], then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court. *Id.* 99 S.Ct. at 2213 n. 10.

A bankruptcy judge may consider the findings of fact of state court judgments "as evidence in

connection with the motion for summary judgment." *Carey Lumber Co. v. Bell,* 615 F.2d 370, 378 (5th Cir.1980).

It is instructive to observe that even if the state court had used a clear and convincing standard of proof in reviewing the evidence, the Bankruptcy Court would still have erred in giving that judgment collateral estoppel effect in this bankruptcy matter. In *Marrese v. American Academy of Orthopedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 1332, 84 L.Ed.2d 274 (1984), the United States Supreme Court held that a federal court entertaining a claim within the exclusive jurisdiction of the federal courts should look first to state preclusion law in determining the preclusive effects of a state court judgment. *See also, Migra v. Warren City School District Bd. of Educ.,* 465 U.S. 75, 104 S.Ct. 892, 896, 79 L.Ed. 2d 56 (1984). And in *Welch v. Crown Zellerbach Corp.,* 359 So.2d 154 (La.1978), the Louisiana Supreme Court stated, "Collateral estoppel is a doctrine of preclusion alien to Louisiana." *Id.* at 156.