586 So.2d 662 (1991)
SJ, Plaintiff-Appellant,
v.
PM, Defendant-Appellee.
No. 22784-CA.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1991.
*663 Richard Ducote, New Orleans, for plaintiff-appellant.
H.F. Sockrider, Jr., Shreveport, for defendant-appellee.
Before SEXTON, LINDSAY and HIGHTOWER, JJ.
LINDSAY, Judge.
In these proceedings, the plaintiff, the natural father (hereinafter referred to as SJ) of a 10-year-old boy (BSJ), seeks monetary damages for himself as a result of the alleged sexual abuse of BSJ by the boy's stepfather (PM). SJ appeals from a summary judgment which dismissed the suit against PM. For the following reasons, we reverse the trial court judgment.

FACTS
The underlying facts of this case have been before this court on several occasions. Custody of BSJ was litigated in S.J. v. S.M., 505 So.2d 897 (La.App. 2 Cir.1987), writ denied 507 So.2d 229 (La.1987), and S.J. v. S.M., 550 So.2d 918 (La.App. 2 Cir. 1989), writ denied 552 So.2d 398 (La.1989). The mother (SM) was awarded sole custody of BSJ with SJ being restricted to supervised visitation. In the first case, this court upheld the trial court's finding that there had been no sexual abuse. In the second case, this court again upheld a trial court finding that BSJ had not been sexually abused during a subsequent time period, which included an alleged incident in early May, 1987.
On May 27, 1987, SJ filed the present lawsuit against PM. He also joined as defendants three psychologists and a psychiatrist who had evaluated BSJ for the original custody proceeding, and Brentwood Hospital, where BSJ was examined. In his original petition, SJ sought monetary damages on behalf of BSJ and himself, alleging that from October, 1983, through May, 1987, PM sexually abused BSJ. He further alleged that the evaluation team negligently failed to diagnose the sexual abuse. (The trial court subsequently dismissed the claims asserted by SJ on behalf of BSJ on exceptions of lack of procedural capacity and no right of action. Also, in response to a motion for change of venue, the case was transferred from Caddo Parish, where it was originally filed, to Bossier Parish, where custody had been adjudicated.)
In his first amended and supplemental petition, SJ alleged that the sexual abuse was ongoing and that PM was threatening BSJ and forcing him to lie to the persons investigating the abuse claims. In his second amended and supplemental petition, SJ *664 again alleged continuing abuse, particularly specifying the dates of September 1-6, 1985, and May 7-9, 1987. SJ also alleged that he had personally suffered emotional damage because of the abuse allegedly endured by BSJ, that he had been denied his rights of custody and visitation, and that his relationship with BSJ had suffered because BSJ feels his father will not protect him from the abuse. SJ alleged that the abuse has resulted in his "full loss of [his son's] society, companionship, affection, and services."
Brentwood Hospital was dismissed from the suit by summary judgment. The evaluation team was likewise dismissed by summary judgment on the basis that, as court-appointed experts, they were entitled to absolute judicial immunity. See S.T.J. v. P.M., 556 So.2d 244 (La.App. 2 Cir.1990).
In December, 1989, PM (the only remaining defendant) filed an exception of no cause of action and a motion for summary judgment. He contended that he has twice been exonerated of the identical conduct alleged in this lawsuit. Attached to the motion for summary judgment was an affidavit in which PM referred to the prior litigation wherein it was held that the alleged sexual abuse did not occur.
A hearing on the exception of no cause of action and the motion for summary judgment was held on March 15, 1990. The trial court overruled the exception but granted the motion for summary judgment on the basis that the case presented no genuine issue of material fact. This appeal followed.

LAW
It is well-settled that a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, show there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966. The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted.
Under LSA-C.C.P. Art. 967, an adverse party may not rest upon the mere allegations or denials in his pleadings when a motion for summary judgment is made and supported by affidavits. Louisiana National Bank v. Slaughter, 563 So.2d 445 (La.App. 1st Cir.1990). However, failure of an adverse party to file counter-affidavits does not automatically entitle one to a summary judgment. The party opposing the summary judgment need not file affidavits unless the moving party has established both that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Huval v. Schmershal, 525 So.2d 140 (La.App. 3rd Cir.1988). Papers supporting the position of the party moving for summary judgment are to be closely scrutinized, while the opposing papers are to be indulgently treated. Whitney v. Mallet, 442 So.2d 1361 (La.App. 3rd Cir.1983), writ denied 445 So.2d 437 (La.1984).
The essential elements of the Louisiana doctrine of res judicata are set forth in LSA-R.S. 13:4231 (formerly LSA-C.C. Art. 2286):
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.[1]
The theory behind the doctrine of res judicata is that matters actually litigated and finally adjudged are presumed correct and, thus, should not be contradicted in a subsequent suit. Louisiana jurisprudence is very clear that res judicata is stricti juris. The party urging the exception *665 of res judicata has the burden of proving each essential element by a preponderance of the evidence. Lowe v. Prejean, 540 So.2d 436 (La.App. 1st Cir.1989) and authorities cited therein. The absence of any of these identities is fatal to a plea of res judicata. Welch v. Crown Zellerbach Corporation, 359 So.2d 154 (La.1978).
Where the facts support a finding of res judicata, a mover is entitled to summary judgment as a matter of law. R.G. Claitor's Realty v. Juban, 391 So.2d 394 (La. 1980); Zeringue v. Zeringue, 442 So.2d 1211 (La.App. 5th Cir.1983), writ denied 445 So.2d 1229 (La.1984).
Due to Louisiana's civilian heritage, the doctrine of res judicata in Louisiana is perceived to be much narrower in scope than its counterpart in common law jurisdictions. Collateral estoppel is a doctrine of issue preclusion which was developed to supplement common law res judicata. Welch, supra. It is a doctrine which, prior to the adoption of the 1990 amendments to R.S. 13:4231, et seq., was alien to Louisiana law.
Collateral estoppel precludes the relitigation of issues actually decided in a prior suit between the parties on a different cause of action. Welch, supra.; Vicknair v. Hibernia Building Corp., 479 So.2d 904 (La.1985); Hines v. Williams, 567 So.2d 1139 (La.App. 2d Cir.1990), writ denied 571 So.2d 653 (La.1990). The doctrine is not uniformly applied because there are different theories among the common law jurisdictions as to whether "mutuality" or identity of the parties is required. Welch, supra.
None of the variations of the common law doctrines of res judicata, including collateral estoppel, apply in Louisiana. Welch, supra; Safeco Insurance Company of America v. Palermo, 436 So.2d 536 (La.1983); Vicknair, supra. Judicial estoppel does not apply in Louisiana. Ugulano v. Allstate Insurance Company, 367 So.2d 6 (La.1978); Doyle v. State Farm (Mutual) Insurance Company, 414 So.2d 763 (La.1982); Palermo, supra.

DISCUSSION
SJ contends that the trial court erred in granting the motion for summary judgment, which he maintains was actually an exception of res judicata. He argues that there was no identity of parties because PM, the child's stepfather, was not a party to the custody cases and that there was no identity of demands because the prior proceedings involved custody and the present suit is for monetary damages.
PM argues that summary judgment was properly rendered and that no counter affidavits were filed by SJ. He also contends that there is a general rule in other states that since a parent's cause of action arises out of injury to the child, an act which would not support an action by the child will not furnish a ground of action by the parent. However, the cases cited for this principle are not applicable to the present case. To the contrary, we note the following statement in Dudley v. Phillips, 218 Tenn. 648, 405 S.W.2d 468, 21 ALR 3rd 462 (1966): "This line of cases [which were cited by the plaintiffs] holds, the action arising in favor of the child and the action arising in favor of the parent, are separate and distinct actions in that the parties are different and an adverse adjudication in one action will not support a plea of res judicata as to the other action in a subsequent suit [sic]. These cases are not in conflict with a holding the action of a parent is derivative and dependent upon the child's right to recover."
Additionally, PM cites cases from 10 other states holding that where a person's action is derivative from his or her spouse's injuries, the judgment in the injured spouse's action controls the other spouse's action for consequential damages.[2] However, the decisions in these cases were rooted in the principles of res judicata, collateral estoppel, or estoppel by judgment. As noted previously, these principles of collateral *666 estoppel and estoppel by judgment are not applicable in Louisiana. Welch, supra; Palermo, supra; Doyle, supra; and Ugulano, supra.
PM also seeks a "broad" reading of his affidavit in support of the motion for summary judgment. In this affidavit, PM does not deny the allegations of sexual abuse. Instead, he refers to the prior custody cases wherein no sexual abuse was found to have occurred. He contends that his reference to these cases therefore incorporates into his affidavit his testimony in those cases denying any sexual abuse. However, we observe that documents supporting a motion for summary judgment are to be "closely scrutinized." Whitney, supra. Our careful review of PM's affidavit convinces us that it is relying upon the fact that previous cases have been decided adversely to the plaintiff, SJ, rather than setting forth any operative facts which would support a summary judgment.
We agree with SJ that PM's motion for summary judgment is premised on the doctrine of res judicata. Under such circumstances, summary judgment will be granted as a matter of law if the facts support a finding of res judicata. As previously noted, the Louisiana doctrine of res judicata is much narrower than that of common law jurisdictions. All of the elements specified in R.S. 13:4231 must be present.
In the earlier lawsuits, SJ sought custody of the child from SM, the mother. In the present suit, SJ seeks monetary damages from PM, the alleged tort-feasor. Not only are the defendants not the same (or in the same quality), but the "thing demanded" is also not the same.[3] See Dornak v. Lafayette General Hospital, 399 So.2d 168 (La.1981); Jones v. Insurance Company of North America, 303 So.2d 902 (La.App. 1st Cir.1974), writ refused 307 So.2d 631 (La.1975), overruled on other grounds, 360 So.2d 1164, 1168 (La.1978). Consequently, we are constrained by Louisiana jurisprudence to hold that the doctrine of res judicata does not bar SJ's present suit.
Therefore, the judgment of the trial court granting summary judgment in favor of PM is reversed.

CONCLUSION
The trial court judgment granting the defendant's motion for summary judgment is reversed. This case is remanded to the trial court for further proceedings. Costs are assessed against the defendant.
REVERSED AND REMANDED.
NOTES
[1] This statute was substantially changed by Acts 1990, No. 521, § 1. However, the amendment became effective on January 1, 1991, and applies to all civil actions filed on or after that date. Thus, it is inapplicable to the present case.
[2] These cases are found in Annotation, Judgment in Spouse's Action for Personal Injuries as Binding, as Regards Loss of Consortium and Similar Resulting Damage, upon Other Spouse Not a Party to the Action, 12 ALR 3rd 933 (1967, and 1991 pocket part).
[3] Having found that two of the elements of res judicata are absent, we pretermit consideration of whether the "causes" are the same.