SHORTESS, Judge.
Mark J. Lamartiniere and Rita B. Lamar-tiniere (plaintiffs-appellants) brought this suit against the State of Louisiana, through its Office of State Fire Marshal and/or Department of Public Safety; and Emerson G. Wilkerson, individually and as an employee of the State Fire Marshal’s Office. Plaintiffs allege that defendants individually and in concert acted and conspired to deprive them of their State constitutional rights, generally and specifically to deprive them of certain benefits arising from a homeowner’s policy of insurance issued by Allstate Insurance Company. They also allege that as a result of defendants’ actions, they were arrested, prosecuted, and suffered a loss of income and other damages. They allege that their house was damaged by fire on November 27, 1977, and that the defendant Wilkerson, acting under color of law as an employee of the State Fire Marshal’s Office, conducted an illegal search and caused them to be falsely arrested and incarcerated, and prevented them from receiving the insurance benefits from their homeowner’s policy. Plaintiffs’ suit is styled as a petition for damages, breach of contract, penalties and attorney’s fees. The stated causes of action sound in intentional tort, negligence, and false arrest.
Plaintiffs also filed a complaint in the U. S. District Court for the Eastern District of Louisiana, alleging a violation of their civil rights under Title 42 of the U.S.Code, §§ 1983,1985 and 1986. The Federal Court dismissed plaintiffs’ suit after trial on June 18, 1980, holding that, “Not every search which is ultimately declared illegal by a court gives rise to a damage action under Section 1983 and the other civil rights statutes,” and, “There is no evidence of any conspiracy that would impose liability upon the defendant (Wilkerson) under Section 1985 or 1986.”
Armed with the Federal Court dismissal, the defendants filed an exception of res judicata and argued that the entire case had been tried in the U. S. District Court; and that the facts presented in the Federal suit were identical to the facts here. The trial court agreed, sustained the exception, and dismissed plaintiffs’ suit, prompting this appeal.
Article 2286 of the Civil Code provides: The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
In Mitchell v. Bertolla, 340 So.2d 287 (La.1976), the Supreme Court clarified any confusion over the language, “cause of action,” in C.C. Art. 2286, and said:
The cause is said to be the juridical or material fact which is the basis of the right claimed, or the defense pleaded. 2 Planiol, Traite Elementaire De Droit Civil, 34 (11 ed. 1939). Stated otherwise: “... Cause is the principle upon which a specific demand is grounded while *501 cause of action embraces the cause and the demand, and is related to the party making the demand... Maloney, Preclusion Devices in Louisiana: Collateral Estoppel, supra, at 165, footnote 41. 340 So.2d at 291.
Appellants concede that the facts presented in the two suits are substantially the same but say that the trial court erred in failing to distinguish between the differences in the causes of action asserted. We find that the Federal suit was dismissed on the finding that the plaintiff had no remedy under 42 U.S.C. 1983, 1985 and 1986. The suit before us, however, is based upon a cause of action under the Louisiana Constitution and the laws of the State of Louisiana. The causes of action are completely different and the exception of res judicata should have been overruled.
Accordingly, the judgment of the trial court is reversed, and this case is remanded for proceedings consistent with this opinion. Costs of this exception are taxed to defendants-appellees.
REVERSED AND REMANDED.