**Robert B. EUBANK, Individually and on behalf of all other shareholders of Lee Lumber Co., Ltd.**

v.

**LEE LUMBER COMPANY LTD., et al.**

**Civ. A. No. 83–2809.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

June 21, 1985.

Robert B. Eubank, Birmingham, Ala., pro se.

Crowell & Owens, (Richard B. Crowell), Alexandria, La., for Lee Lumber Co., Ltd.

## RULING

NAUMAN S. SCOTT, District Judge.

This matter is now before us on a Motion for Summary Judgment filed by the defendant, International Paper Company (IPC). In support of its motion, IPC argues that res judicata bars the instant suit.

We agree.

There have been several actions filed regarding the property in question in this lawsuit and the lease which Eubank now seeks to have declared null and removed from the public records.

The first action, captioned *Lee Lumber Company v. International Paper Company,* Civil Action No. 88–339, hereinafter referred to as "Lee I", was filed on September 18, 1973 in the Ninth Judicial District Court, Rapides Parish, Louisiana. In that suit the plaintiff sought to have the lease declared null and void and to be placed in possession of the property. Lee I was dismissed on the grounds of prescription. The trial court's ruling was affirmed in *Lee Lumber Company v. International Paper Company,* 345 So.2d 212 (La.App. 3rd Cir.1977), *writ denied,* 347 So.2d 503 (La.1977).

The second action was filed in this court on September 30, 1977 captioned *Lee Lumber Company v. International Paper Company,* Civil Action No. 77–1097–A, and hereinafter referred to as "Lee II". A declaratory judgment was sought in that matter based on four underlying causes of action, to-wit: (1) a possessory action; (2) an action to quiet title; (3) an action for recovery of a thing not due; and (4) an action for eviction. Summary judgment was granted in that action because the underlying cause of action, that of nullity and rescission of the lease, had prescribed. That ruling was affirmed by the Fifth Circuit. *Lee Lumber Company v. International Paper Company,* Civil Action No. 79–1309.

The third action was filed in this court on June 9, 1982, captioned *Robert B. Eubank, Individually and on behalf of all other shareholders of Lee Lumber Company, Ltd. v. International Paper Company,* Civil Action No. 82–1446–A, and hereinafter referred to as "Lee III". That matter was styled as a possessory action. Summary judgment was also granted in Lee III for basically the same reasons as Lee II.

La.C.C. art. 2286 sets forth the requirements of res judicata:

"... the thing demanded must be the same; the demand must be founded on

the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

■ The term "the same cause of action" in Article 2286 is a mistranslation. The article should read "the same cause". *R.G. Claitor's Realty v. Juban*, 391 So.2d 394, 397 (La.1980).

In the complaint, the plaintiff, Robert B. Eubank (Eubank), has asserted that this is an action to quiet title and that no other cause of action is being asserted.

We find that there is no genuine issue of material fact that the thing demanded in this suit is the same as that which was demanded in Lee I, Lee II, and Lee III. The plaintiff is seeking to have the lease, the 1950 amendment, and the timber sale declared invalid and to have those documents removed from the public records of Rapides, Grant and Avoyelles Parishes.

■ The plaintiff's assertion that the present suit is a different cause of action * does not make his *cause* in this suit different from Lee I, Lee II or Lee III. "The proper interpretation of Article 2286 requires a consideration of the broader concept of cause at civil law rather than the common law cause of action." *R.G. Claitor's Realty v. Juban, supra* at p. 397; *Mitchell v. Bertolla*, 340 So.2d 287 (La. 1976); *Sliman v. McBee*, 311 So.2d 248 (La.1975). We find that there is no genuine issue of material fact that the plaintiff's cause or ground on which the demand is founded in this lawsuit is the same as the plaintiff's cause in Lee I, Lee II, and Lee III.

We also find that there is no genuine issue of material fact that the parties in the instant suit are essentially the same as in Lee I and Lee II; and exactly the same as in Lee III.

For the reasons stated above, we find that the judgments in Lee I, Lee II, and Lee III are res judicata and that the mover is entitled to summary judgment as a matter of law. We need not discuss the prescription issue as res judicata is dispositive of this matter.

■ We now turn to the matter of sanctions. The defendant, IPC, has counterclaimed for an award of attorney's fees and damages for what IPC has characterized as Eubank's initiation of vexatious and harassing litigation with no reasonable expectation of success when viewed from the standpoint of a prudent legal approach and designed merely to cause IPC further effort and expense in presenting a defense. IPC has reurged its request for sanctions in this Motion for Summary Judgment.

The request for sanctions is DENIED; however, this matter, having been litigated several times, should not appear in this court again. Valuable time and money has been wasted and an unnecessary burden has been placed upon this court by the plaintiff's persistence in relitigating the same dispute. Any future attempt by plaintiff to relitigate these matters will be filed at the risk of whatever sanctions (including but not limited to dismissal, and an award of attorney's fees and other damages), deemed appropriate by this court.

It is hereby ORDERED that the Motion for Summary Judgment be GRANTED and that the defendant, IPC, shall submit a judgment in accordance with this ruling within ten (10) days of the signed date.

---

\* We find this assertion untrue. In Lee II the plaintiff stated that his action for a declaratory judgment was supported by four underlying causes of action, one of which was an action to quiet title.