436 So.2d 689 (1983)
Janice Kinchen, Wife of Randolph M. HOWES
v.
Randolph M. HOWES.
No. CA 0485.
Court of Appeal of Louisiana, Fourth Circuit.
July 18, 1983.
Writ Denied October 28, 1983.
*690 Curtis M. Baham, Jr. and Bruce C. Bennett, Baham, Anderson, & Bennett, Hammond, for plaintiff-appellant.
Harry R. Cabral, Jr. and H. Craig Cabral, Cabral & Cabral, Metairie, for defendant-appellee.
Before GARRISON, BYRNES and WILLIAMS, JJ.
GARRISON, Judge.
This is an appeal from a judgment of the district court dismissing a rule to traverse an inventory for failure to include U.S. Patent Number 4,072,146 as an asset, finding that the patent is the separate and paraphernal property of the defendant and ordering the defendant to include the sale price of the patent in the community property partition. From that judgment, which we reverse, plaintiff appeals.
The operative dates are as follows:

1. August 31, 1964 Mr. and Mrs. Howes marry
2. February 7, 1978 Patent issued by U.S. Patent
 Office
3. June 20, 1978 Dr. Howes "sells" patent to
 Gerald Byrd
4. October 26, 1978 Mrs. Howes files suit for
 divorce
5. (Before 1/3/79) Judgment of divorce
 rendered
6. January 3, 1979 Byrd "sells" patent back to
 Howes
7. March 22, 1982 Petition to partition
 community property filed
8. April 15, 1982 Dr. Howes licenses patent to
 Arrow International, Inc.
9. April 20, 1982 Mrs. Howes files rule to
 traverse for failure to list
 the patent in the descriptive
 list and prays for temporary
 restraining order to prevent
 alienation of patent
10. July 9, 1982 Mrs. Howes petitions for
 declaratory judgment

*691 On appeal, plaintiff raises two main specifications of error:
1. The trial judge erred in failing to find the "sale" was simulated.
2. The trial judge erred in failing to give effect to the presumption of community property.
Civil Code Article 2404 provides as follows:
"... But if it be proved that the husband had sold the common property, or otherwise disposed of the same by fraud, to injure his wife, she may have her action against the heirs of her husband, in support of her claim in one-half of the property, on her satisfactorily proving the fraud."
It is well settled law that Article 2404 "gives to the defrauded wife an action against her husband in the event the community is dissolved by divorce or judicial separation." Thigpen v. Thigpen, 231 La. 206, 91 So.2d 12, 19 (1956); Oliphint v. Oliphint, 219 La. 781, 54 So.2d 18 (1951).
In Thigpen, above, the Louisiana Supreme Court found intent to defraud on the basis of three factors:
1. The record left no doubt that there existed strong animosity and hostility between the spouses.
2. "Suspicious timing" in that the reputed "sale" occurred at a time when the relationship between husband and wife had deteriorated to such an extent that the court found that it was suspiciously timed, even though no petition for separation had yet been filed. "... make(s) the conclusion inescapable that it was his deliberate intent to injure his wife at a time when dissolution of the community estate was imminent." (91 So.2d at 17) (Emphasis added).
3. The wife had no actual notice of the sale, although the sale was by authentic act and was timely registered.
In Hall v. Allred, 385 So.2d 593 (App. 3rd, 1980), intent to defraud the wife[1] was found on the basis of two factors:
1. "Suspicious timing" in that a petition for divorce was filed in May of 1977, the parties reconciled in June of 1977, the sale occurred in July of 1977 and a second petition of divorce was filed in July of 1977.
2. The wife had no actual notice of the sale.
In the instant appeal, the following factors are present:
1. The animosity between the parties is well documented.[2]
2. "Suspicious timing" exists in that the sale occurred "at a time when dissolution of the community ... was imminent."
3. The wife had no actual notice of the sale.
Accordingly, we find that the sale was intended to defraud the wife.
The two essential elements of a Civil Code Article 2404 action are:
1. intent to reduce the wife's community property interest and
2. actual injury therefrom.
Having addressed the first element, we now turn to the question of actual injury. Dr. Randolph Howes testified that he had been working on the invention for at least four years prior to the date of patent, or in 1974, clearly within the existence of the community. (TR. p. 97). Dr. Howes produced no evidence other than the "sale" to rebut the presumption of community property arising from Civil Code Article *692 2402.[3] In short, he failed to carry his burden of proof.
The contract between Dr. Howes and Arrow International, Inc., is an agreement to "... make, have made, use, sell, and put into use Licensed Products under the Patent Rights" owned by Dr. and Mrs. Howes. Thus the contract is not a sale of the patent, but rather is a license for use. The term of the contract is tied into the expiration date of Dr. and Mrs. Howes' patent.
When Dr. Howes entered into the licensing agreement on April 15, 1982, the contract provided for payment as follows:
"(a) An initial non refundable (sic) fee of $30,000 payable within 30 days of (April 15, 1982).
"(b) A running royalty throughout the term of this license agreement of 6% of Licenses's Revenues, as hereinafter defined.
"(c) Yearly minimum royalties of $30,000."
In computing the amount of actual loss, the court looks to fair market value. Hall v. Allred, above. In the instant case, however, fair market value is apparent on the face of the record via the above quoted agreement. Accordingly, Mrs. Howes sustained a past actual loss of $15,000.00 as of May 16, 1982 (30 days + 1) plus running royalties in the amount of 3% per year for the term of the contract and yearly minimum royalties of $15,000.00.
For the reasons discussed, the judgment of the district court is reversed and we render judgment as follows:
IT IS ORDERED, ADJUDGED, AND DECREED that there be and hereby is judgment herein in favor of Janice Kinchen Howes and against Dr. Randolph Howes, declaring that Janice Kinchen Howes has a one-half undivided interest in a multiple-lumen catheter device known as the "Howes Venous Catheter Device" U.S. Patent Number 4072146 or any variation thereof as defined by Section 1(c) in License Agreement between Dr. Randolph Howes and Arrow International, Inc. dated April 15, 1982.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that a permanent injunction be and hereby is issued herein, restraining and prohibiting Arrow International, Inc. from making any further payments to Randolph M. Howes or to anyone designated by Randolph M. Howes to receive payments under the terms of the License Agreement concerning Patent Number 4072146, or any successor thereof, unless said payments are made jointly to Randolph M. Howes and Janice Kinchen.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the inventory of community property be and hereby is amended to include the "Howes Venous Catheter Device" U.S. Patent Number 4072146 and that Randolph M. Howes be and hereby is ordered to provide to Janice Kinchen, as owner of a one-half undivided interest in the Patent, an accounting of any and all sums received in conjunction with U.S. Patent Number 4072146 which sums are to be included in the inventory of community property.
All costs to be borne by Dr. Randolph Howes.
REVERSED AND RENDERED.
NOTES
[1] In Hall, the court found "dual" intent"... Hall was equally motivated by the desire to return the property to Allred, but he did so with the intent to injure his wife's interest." At 597.
[2] Howes v. Howes, 388 So.2d 1182 (App. 4th, 1980):

"The obvious bitterness between the parents promises continuing problems with the children being victims of their animosity. This misdirected effort and expense could better serve to provide the needed family environment and parental love which these youngsters deserve." At 1186.
[3] It is well settled that property acquired or "created" during the existence of the community is presumed to be community and that the burden of proof for declaring the property as separate lies on the party seeking to challenge the presumption. Thigpen, above, 91 So.2d, p. 23.