BARRY, Judge.
This appeal is from the maintenance of an exception of res judicata pertaining to a patent as community property.
In a prior proceeding involving a petition to partition community property, Janice Kinchen filed a rule to traverse alleging that her ex-husband, Dr. Howes, failed to include U.S. Patent 4072146 on the descriptive list. The trial court found that the patent was the separate property of Dr. Howes, but this court reversed. Howes v. Howes, 436 So.2d 689 (La.App. 4th Cir.1983), writ denied 441 So.2d 216 (La.1983). The characterization of the patent was specifically addressed and decreed as follows:
IT IS ORDERED, ADJUDGED, AND DECREED that there be and hereby is judgment herein in favor of Janice Kin-chen Howes and against Dr. Randolph Howes, declaring that Janice Kinchen Howes has a one-half undivided interest in a multiple-lumen catheter device known as the “Howes Venous Catheter Device” U.S. Patent Number 4072146 or any variation thereof as defined by Section 1(c) in License Agreement between Dr. Randolph Howes and Arrow International, Inc. dated April 15, 1982.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a permanent injunction be and hereby is issued herein, restraining and prohibiting Arrow International, Inc. from making any further payments to Randolph M. Howes or to anyone designated by Randolph M. Howes to receive payments under the terms of the License Agreement concerning Patent Number 4072146, or any successor thereof, unless said payments are made one-half directly and by separate check to Janice Kinchen and one-half directly and by separate check to Randolph M. Howes.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the inventory of community property be and hereby is amended to include the “Howes Venous Catheter Device” U.S. Patent Number 4072146 and that Randolph M. Howes be and hereby is ordered to provide to Janice Kinchen, as owner of a one-half undivided interest in the Patent, an accounting of any and all sums received in conjunction with U.S. Patent Number 4072146 which sums are to be included in the inventory of community property.
436 So.2d at 692, as modified by C-3610 unpublished order of April 12, 1985 clarified by C-3610 unpublished order of May 13, 1985, writ denied 472 So.2d 38 (La.1985).
Ms. Kinchen filed a new descriptive list which included the patent. Dr. Howes filed a motion to traverse urging that the patent and related interests were separate property because they were developed while the couple was domiciled in a separate property state. Ms. Kinchen filed an exception of res judicata which was maintained. Dr. Howes’ motion for a new trial and a subsequent motion to reconsider were denied.
La.R.S. 13:4231, relating to res judi-cata, provides:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by *1149 them against each other in the same quality.
According to civilian theory, things adjudged are presumed correct and beyond contradiction by a later suit. Ryan v. Grandison Trust, 504 So.2d 844 (La.1987).
Dr. Howes first claims there is no identity of the thing demanded because the prior trial did not address the “related property interests” in the patent. He asserts separate and distinct property rights exist, i.e., (1) the idea for the catheter (2) its invention (3) application for the patent (4) the licensing agreement, (5) application for the reissue patent and (6) the reissue patent.
The idea of the catheter, its invention, and the application for the patent are all predicates to the existence of the patent. The licensing agreement is the resultant commercial realization which the patent confers. According to Dr. Howes’ brief, the application, for the reissue patent and issuance of the reissue patent resulted because of a technical defect in the patent. The licensing agreement, executed some three years earlier, apparently was not affected by the reissue patent. Dr. Howes’ assertion that these “related property interests” are somehow distinct from the patent as the thing demanded is without merit.
Dr. Howes also claims a lack of identity of cause. Cause of action in R.S. 13:4231 is commonly accepted as a mistranslation of the word “cause” from the French source provision. Cantrelle Fence and Supply Company v. Allstate, 515 So.2d 1074 (La.1987).
[CJause is said to be the juridical or material fact which is the basis of the right claimed, or the defense pleaded, (emphasis in original)
Mitchell v. Bertolla, 340 So.2d 287, 291 (La.1976). He reasons that the prior appeal only considered the sale of the patent during the community and his repurchase after the community ended, whereas now the question concerns location of the matrimonial domicile when he worked on the invention. We think the cause in this and the prior action clearly concern settlement of the rights of the parties to the patent. See Mai v. Mai, 419 So.2d 1251 (La.App. 4th Cir.1982), writ denied 420 So.2d 970 (La.1982); Cox v. Cox, 426 So.2d 656 (La. App. 1st Cir.1982), writ denied 430 So.2d 99 (La.1983).
The cases on which Dr. Howes relies are not applicable. In Mitchell, supra, the first suit sought nullification of a contract for nonpayment of rent and lesion beyond moiety. The second suit sought nullification based on, among others, fraud and lack of consideration. The court found no identity of cause.
Unlike Mitchell, this case does not involve nullification based on distinct vices. These may be brought at any time. Mitchell, 340 So.2d at 292; see also 2 M. Planiol, Traite Elementaire de Droit Civil, no. 54A(6), at 39 (11th Ed. La. State L. Inst, transí. 1959).
In Doyle v. State Farm (Mutual) Insurance Co., 414 So.2d 763 (La.1982), the plaintiff sought damages from an auto accident and named the tortfeasor, the tort-feasor’s insurer State Farm, and his automobile’s manufacturer. The suit was stayed pending an identical action in federal court. Plaintiff subsequently added State Farm as his UM insurer as a party defendant. Plaintiff settled his federal suit with the tortfeasor and State Farm as the tortfeasor’s insurer. Rights were reserved against State Farm as plaintiff’s UM insurer. After judgment was rendered in federal court against the automobile manufacturer, all parties in the state action were dismissed except for State Farm, as plaintiff’s UM insurer. In concluding res judi-cata did not apply, the Supreme Court found a lack of identity of parties and lack of identity of cause.
We note in Doyle that having found no identity of parties, characterizations as to cause were unnecessary since a failure of any element of res judicata will preclude its application.
Doyle, which considered two entirely different theories of recovery, is distinguishable from this case. The cause in Doyle was delictual (in federal court), while in state court it was contractual. Here Dr. *1150 Howes submits one theory — the patent is separate property. See Lamb v. Lamb, 411 So.2d 1 (La.1982), a per curiam opinion, which found res judicata did not apply when one proceeding was suit for divorce based on adultery and the other for divorce based on living separate and apart.
However, even if we accept a narrow view of cause, our review of the transcript from the prior proceeding reveals facts relating to the marital domicile of the parties and the invention.[1] Relevant excerpts are:
[COUNSEL] —What date was the patent actually issued?
[MS. KINCHEN] —February 7, 1978. It was addressed where we lived in Baltimore, Maryland.
* * * * * *
[COUNSEL] —During the existence of that marriage did you work on an invention now called the Venous Catheter Device?
[DR. HOWES] —Yes
The Howes lived in Baltimore from 1971 to the summer of 1977. Importantly, the patent was issued in 1978 while they lived in Louisiana.
Mr. and Mrs. Berg, Maryland acquaintances of the Howes, testified. Since Mr. Berg purchased the patent his testimony primarily concerns that transaction. However, some testimony relates to the Bergs’ knowledge of his work on the patent in Maryland.
[COUNSEL] — Now, are you familiar with a Venous Catheter Device that was patented by Dr. Howes?
[MR. BERG] — Yes, I am.
[COUNSEL] — How long were you familiar with it prior to June 20, 1978 [date of the “sale” of the patent during the marriage]?
[MR. BERG] — Oh! Dr. Howes first started on the invention, brought it over, the papers, and discussed it with my wife and I.
******
[MRS. BERG] — I mean he just couldn’t get over the things that he was doing, and I believe that Howard [son of Mr. and Mrs. Berg] was doing the research on this for Dr. Howes at the time. And we became friendly with both the doctor and Mrs. Howes and the children at the time, they used to come over to the house and I used to love — and I used to pick his brain about the different things that he was working on because I thought he was such an interesting man. And he started telling us at one point, I can’t remember exactly when, about this catheter. And I used to say to him, “Tell me more. Tell me more.” And I remember it was in the summer at one point I kept saying, you know, “Do you have any pictures or anything else of it?”, and at one point he said: Yes, he did. And I would say would he bring it over the next time he came. The reason I know it was in the summer we were sitting outside on the patio and you don’t sit outside unless it was warm weather, and it was Dr. Howes and Mrs. Howes and the two children all came over and I remember he had some rough pictures, you know, of the catheter and we were all sitting outside looking at them. And I remember Mrs. Howes had to get up and run around to take care of the children. The little ones were running off in different directions. And I was very enthused and very excited about it. I thought that it had a lot of potential. I didn’t know anything from, you know, an expert or opinion, but just to me it looked like it had a lot of potential.
******
[COUNSEL] — How long had you actually worked on the invention itself before having it patented?
[DR. HOWES] — That’s a matter of record, too. As close as I can recall— (pause) — I think it was filed, I think we filed it in ’75. I’m not sure. It was a *1151 number of years. It took about four years to get the thing patented.
The basic facts underlying Dr. Howes' present argument as to the matrimonial domicile were part of the record in the prior proceeding. He now attempts to develop those facts into a new theory and argument that the patent cannot be community property. We are satisfied that argument is barred as res judicata.
The judgment is affirmed.
AFFIRMED.
LOBRANO, J., joins the majority with additional reasons.
LOBRANO, Judge,
joins the majority with additional reasons.
This Court previously determined that the patent in question is community property. Howes v. Howes, 436 So.2d 689 (La. App. 4th Cir.1983), writ denied 441 So.2d 216 (La.1983). For the reasons assigned by the majority, and the following additional reasons, I agree that the instant matter is barred by a plea of res judicata.
Dr. Howes argues that the cause asserted in the instant case is not the same as in the prior case, and therefore res judicata is inapplicable.
In the prior suit, Dr. Howes’ only argument was predicated on the repurchase of the patent subsequent to the dissolution of the community. However, the argument made in the instant case could have been presented in the prior case. Clearly, as pointed out by the majority opinion, the evidence in that prior matter was suggestive of a domicile argument.
It is apparent that Dr. Howes is attempting to equate cause with argument. However, there is a difference between the two. Cause is the fact (either juridical or material) which supports a claim. Argument is the assertion of or reliance on, a cause in an attempt to persuade the court to grant the claim or relief sought.
Thus, I conclude that Dr. Howes’ failure to argue in the prior case cannot preclude the application of res judicata under the guise of being a new cause.

. The trial transcript and items introduced at the hearing are missing from the record. However, Dr. Howes attached a copy of the transcript to his memorandum in support of his motion for new trial. A copy of the December 14, 1978 deposition of Dr. Howes, introduced at the hearing, was provided by counsel.