GAUDIN, Judge.
This appeal is by Marsh Buggies, Inc., whose suit for indemnity and/or contribution was summarily dismissed in the 24th Judicial District Court. We affirm.
Named defendant in the district court was Paretti Imports, Inc. Paretti filed an exception of res judicata, which was maintained.
The facts of this case are generally not in dispute. In November, 1985, Paretti replaced the odometer of a 1983 Jaguar automobile owned by Marsh Buggies but apparently, in violation of both federal and state statutes, did not attach a written notice on the left front door frame specifying the mileage on the odometer which had been removed.[1] The old odometer showed approximately 42,000 miles. The new odometer, of course, showed zero mileage.
In April of 1987, Marsh Buggies purchased a new Cadillac from Sewell Cadillac, Inc. The Jaguar, which had been driven an additional 18,000 miles (the figure then shown on the odometer), was used as a trade-in. Sewell sold the Jaguar to a third party, Mrs. Reanna Foret, who soon discovered that the odometer had been replaced and that the true mileage was 60,000 rather than 18,000. Sewell took the Jaguar back and then filed suit against Marsh Buggies in federal district court, citing 15 U.S.C.A. 1981 et seq., commonly referred to as the Motor Vehicle Information and Cost Saving Act of 1972, which required a written notice to be posted inside the left front door frame whenever odometer mileage (or the odometer itself) was changed. Sewell had no reasonable way of knowing the Jaguar’s actual mileage. An odometer replacement notice was not on the door frame and, perhaps more importantly, the documents executed by a Marsh Buggies official in the course of the trade-in stated the Jaguar’s mileage as 18,000.
Marsh Buggies filed a third party demand, seeking indemnity and/or contribution from Paretti for its alleged negligence in not posting the notice. Paretti then moved for summary judgment.. Because Marsh Buggies could not produce any evidence that Paretti intended to defraud Se-well or Marsh Buggies, Paretti’s motion was granted, thereby dismissing Marsh Buggies’ third party demand.
The case then went to trial. The manager of Paretti Imports testified that the notice had been properly placed in November, 1985. However, judgment was rendered in favor of Sewell and against Marsh Buggies in the amount of $12,613.73, which included treble damages and attorney fees. The federal judge found that Marsh Buggies, by transferring the Jaguar to Sewell with erroneous mileage shown on the odometer statement, had intended to defraud.
Marsh Buggies, on appeal now and earlier in the 24th Judicial District Court, contends that its present claim against Paretti is under state law (LSA-R.S. 32:726.1) not federal law and that res judicata was inappropriate.
The elements of res judicata are spelled out in LSA-R.S. 13:4231. In essence, (1) the parties, (2) the cause and (3) the thing demanded must be the same. See Doyle v. *270 State Farm (Mutual) Insurance Company, 414 So.2d 763 (La.1982), at page 765.
The main purposes of res judicata are to foster judicial economy and to protect a defendant from multiple lawsuits, as recited in the “Comments” under R.S. 13:4231.
Here, the parties are identical. The thing demanded in the state suit is the same as that demanded in the federal litigation. Appellant argues, however, that the cause is different.
In his assigned “Reasons for Judgment,” the state district judge said that “... plaintiffs (Marsh Buggies’) claim that contribution is due has already been adjudicated.” The “Reasons” went on to say:
“... the basis for plaintiffs demand rests upon the same juridical or material fact, Rivet v. First Financial Bank, FSB, 538 So.2d 216, 220-21 (La.1989), i.e., that defendant’s failure to affix a notice of odometer change resulted in plaintiff’s liability in the federal suit. Despite plaintiff’s asserted reliance here on state rather than federal law as a basis for liability, this Court finds no substantive difference between the claims raised in the two actions; whether based upon ‘federal common-law’ or C.C. art. 2315 or a breach of the duty established by La.R.S. 32:726.1, plaintiff has sought to establish that the failure to place a sticker on the car in question was negligence. Since this negligence is asserted as the legal basis for relief in both instances, the ‘same cause of action’ requirement for res judicata has been met.
And finally, both demands have been asserted between the same parties in precisely the same capacities.”
We cannot say the trial judge erred in finding the causes (or issues) synonymous. In its federal court pleading and in its argument before that court, Marsh Buggies said that Paretti’s negligence was the direct cause of the alleged loss by Sewell and that if Marsh Buggies was cast in judgment, indemnity and/or contribution was due from Paretti.
According to the record, Marsh Buggies’ attorney told the federal judge during oral argument that its claim for indemnity and/or contribution was based on federal and also on state statutes.
We note that there is the possibility that the federal judge inadvertently dismissed Marsh Buggies’ third party demands on Paretti. The dismissal was not appealed. Nonetheless, the causes or issues were the same; the state action is consequently subject to res judicata.
Marsh Buggies is to pay costs of this appeal.
AFFIRMED.

. This was disputed by Paretti.