406 So.2d 176 (1981)
Willie O. NASH et ux.
v.
WESTERN CASUALTY AND SURETY COMPANY et al.
No. 81-C-1308.
Supreme Court of Louisiana.
November 16, 1981.
*177 Edwin Dunahoe of Thomas & Dunahoe, Natchitoches, for plaintiffs-applicants.
Fred S. Gahagan of Gahagan & Gahagan, Natchitoches, for defendant-respondent.
DIXON, Chief Justice.
Two suits are involved in this case. The first was a suit for damages by Willie O. Nash and his wife against Leonard Johnson, arising from a fire which destroyed the Nash's house, and which was caused by the installation of an unvented gas space heater, by Johnson, under a contract to renovate the Nash home. That suit went to final judgment in the district court, and was not appealed. The suit was confirmed on default; Johnson appeared and testified, but was not represented. The Western Casualty and Surety Company, Johnson's contractors' liability insurer, was notified of the claim, but declined to appear and defend because of its belief that the policy did not cover the Nash loss.
The Nashes then filed this suita declaratory judgment action against Western Casualty. It was tried before another judge, and plaintiffs lost in both the district court and the court of appeal. Neither court reached the question of coverage; both found that plaintiffs had failed to prove that Johnson's breach of the building contract by not venting the space heater in the living room was the cause of the fire.
Both courts below were in error to litigate this issue a second time. Johnson had been cast in judgment for damage arising from the building contract.
"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
Coverage A. bodily injury or
Coverage B. property damage
to which this policy applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements."
Western's right, and perhaps its duty, to litigate the cause of the damage was in the first suit, and it chose to take no action. It can escape its liability to its insured only if there is no coverage under the policy.
And we find that there is no coverage. Among the exclusions ("This policy does not apply:") is (q) ... property damage included within the completed operations hazard ..." Property damage is "damage which occurs during the policy period ...," according to the definitions. "Completed operations hazard," however, "includes ... damage arising out of operations... but only if the ... damage occurs after such operations have been completed or abandoned ... Operations which may require further service or maintenance work, or correction, or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed."
*178 A fair reading of the evidence is conclusive that Johnson was through with the work, did not intend to install the vents for the heaters, and assured the Nashes that there was no fire danger. Mr. Nash signed a completion certificate; although he could not read, he testified that he signed it "so Johnson could get his money." The heaters were in use from the time they were installed. The fire occurred about three weeks after the completion certificate had been executed. There is no evidence that anyone considered that there were yet "operations to be performed by or on behalf of the named insured ..."
For these reasons the judgment of the court of appeal and the district court are affirmed at relator's cost.
WATSON, J., dissents.