ELLIS, Judge:
This suit arises out of an automobile accident, between an automobile owned by Victor Glaviano and operated by Nick Glavi-ano, and an automobile owned by Peter Palermo and operated by Lesley Palermo. The accident happened when the Glaviano vehicle stalled on State Highway No. 1, and was subsequently struck from the rear by the Palermo vehicle.
After the accident, Southern Farm Bureau Casualty Insurance Company, Palermo’s collision insurer, paid $3,662.01 in collision damages and $660.28 in medical payments under its policy. Thereafter, Southern Farm sued Victor and Nick Glaviano and Safeco Insurance of America, their liability insurer, as subrogee of its insured, to recover the amounts paid under the Palermo policy. Neither Peter nor Lesley Palermo were parties to that suit. After trial on the merits, judgment was rendered in favor of Southern Farm and against Victor and Nick Glaviano and Safeco for $4,322.29. Safeco paid the judgment as liability insurer of the Glavianos.
Thereafter, this suit was filed against Lesley Palermo, alleging that his negligence in failing to see the Glaviano vehicle was a contributing cause of the accident and that he was therefore liable for contribution of half of the amount paid to satisfy the judgment, under Article 2103 of the Civil Code.
To the petition, Mr. Palermo filed peremptory exceptions of no right of action, no cause of action, res judicata and law of the case, alleging all of the foregoing circumstances. After a hearing, the exceptions were maintained by the trial judge, and the suit dismissed. From the judgment of dismissal, Safeco has appealed.
The allegations of the petition, which must be accepted as true for the exception of no cause of action;- clearly set forth a cause of action in contribution under Article 2103 of the Civil Code against Lesley Palermo. No question is raised as to the capacity of plaintiff or his interest in the matter. The peremptory exceptions of no cause of action and no right of action are without merit.
The peremptory exception of res judicata is based on the judgment rendered in the first case. Under Article 2286 of the Civil Code, three elements must appear if the exception of res judicata is to be maintained: identity of parties, identity of cause and identity of the thing demanded. Mitchell v. Bertolla, 340 So.2d 287 (La.1976). Lesley Palermo was not a party to the first suit, so that there is no identity of parties. The cause of action in this case is one in contribution, while the first case sounded in tort. There is therefore no identity of cause. The exception is without merit.
Defendant further claims that the issue of the liability of Safeco has already been litigated, and cannot be tried a second time, citing Nash v. Western Cas. & Sur. Co., 406 So.2d 176 (La.1981). However, the issue of Lesley Palermo’s liability to Safeco in contribution has not been litigated, and plaintiff is entitled to do so.
The last peremptory exception is that Safeco’s liability having been established in the first suit, it is now the law of the case. This exception is likewise without merit. The law of the case rule applies only to issues decided earlier in the same proceeding involving the same parties. Miller v. East Ascension Telephone Company, Inc., 331 So.2d 182 (La.App. 1st Cir.1976); Keller v. Thompson, 134 So.2d 395 (La.App. 3rd Cir.1961), cert. denied, Jan. 15, 1962. The ruling sought to be asserted in this case was *1377 made in a separate proceeding involving other parties.
Since we have found defendant’s exceptions to be without merit, the judgment appealed from is reversed, the exceptions are overruled, and the case remanded to the trial court for further proceedings, according to law. Defendant is given 15 days from the date this judgment becomes final to file his answer. Defendant shall pay the costs of this appeal. All other costs shall await final determination hereof on the merits.
REVERSED AND REMANDED.