670 So.2d 571 (1996)
Byron C. GRABERT
v.
Clarence A. GRECO, Prestige Yachts, Inc., a Louisiana Corporation and Prestige Yachts, Inc., a Florida Corporation.
No. 95-CA-1781.
Court of Appeal of Louisiana, Fourth Circuit.
February 29, 1996.
Yvonne Chalker, Jerry F. Palmer, Scott D. Morgan, Elkins & Associates, New Orleans, for Plaintiff/Appellant.
Clarence F. Favret, III, Dean J. Favret, Favret, Demarest, Russo & Lutkewitte, New Orleans, for Appellees.
Before BARRY and LOBRANO and JONES, JJ.
*572 JONES, Judge.
Appellant, Byron Grabert, appeals the judgment of the trial court denying his Petition to Enforce Arbitration Clause.
The appellees, Clarence A. Greco and Charles S. Grabert, are the sole shareholders and directors of Prestige Yachts, Inc., a Louisiana corporation ("Prestige Louisiana") and Prestige Yachts, Inc., a Florida corporation ("Prestige Florida"). On December 17, 1994, the appellees entered into a letter agreement (the "Agreement") relating to the future management and operations of the companies. (Prestige Louisiana and Prestige Florida will sometimes be referred to herein jointly as "Prestige".) The Agreement is dated December 16, 1994, but was actually executed by the parties on the following day.
Section 5 of the Agreement provided for the creation of an employment contract (the "Employment Contract") for the appellant, pursuant to which he would continue to be employed as the vice president and manager of operations of Prestige Florida, positions he held at that time. Section 5(f) of the Agreement (the "Arbitration Clause") provided that any disputes arising under the appellant's Employment Contract will be submitted to arbitration, under the rules of the American Arbitration Association, for resolution. The Agreement was approved and adopted by the Prestige board of directors at a meeting held on December 17, 1994.
In January, 1995, a dispute arose with regard to the appellant's Employment Contract. The appellant subsequently sought to enforce the Arbitration Clause, but the appellees refused to submit the dispute to arbitration. In accordance with La.R.S. 9:4203, the appellant filed a Petition to Enforce Arbitration Clause (the "Petition") in the Civil District Court for the Parish of Orleans.
After a hearing on the matter, the trial court entered judgment denying the Petition, finding that the appellant was not the proper party to enforce the Arbitration Clause. We affirm that ruling.
In his first assignment of error, the appellant argues that the trial court erred when it determined that he was not a party to the Employment Contract. We disagree.
The Employment Contract in question was part of a letter agreement between the appellees wherein guidelines for the operation and management of the business were established. The clause in question reads:
"5. Greco and Grabert agree to cause Prestige Louisiana or Prestige Florida (the "corporation") to enter into an employment contract with Byron C. Grabert containing the following terms and conditions ..."
f. Greco and Grabert agree that in the event of any disputes concerning Byron C. Grabert's employment contract with Prestige Louisiana, said disputes shall be resolved by means of arbitration, through the procedures set forth in the commercial rules of the American Arbitration Association.
This provision of the Agreement only provides for the negotiation of possible terms of the appellant's continued employment with Prestige. The agreement was between the appellees only, as evidenced by their signatures, and the appellant's lack thereof. We find that the trial court properly determined that the appellant was not the proper party to enforce the agreement.
The appellant argues in the alternative that, if it is determined that he is not a party to the Agreement, then he should be treated as a third party beneficiary of the Agreement. He cites article 1978 of the Louisiana Civil Code which provides:
A contracting party may stipulate a benefit for a third person called a third party beneficiary.
Once the third party has manifested his intention to avail himself of the benefit, the parties may not dissolve the contract by mutual consent without the beneficiary's agreement.
The appellant argues that since the Agreement specifically refers to him by name and stipulates a benefit for him in the form of the Employment Contract, he should be considered a third party beneficiary. We disagree. The appellant has failed to satisfy all of the requirements of article 1978. There was no manifestation of his intent to avail himself of the benefit of the contract because the employment contract did not come into existence. *573 The appellees only agreed that they "would cause Prestige Louisiana or Prestige Florida" to enter into an employment contract with the appellant. This language is significant, demonstrating that the appellees only intended to cause Prestige to enter into a contract of employment with the appellant in the future. The record reflects that it was during the negotiation of the appellant's contract that the dispute arose which subsequently led to his resignation. The terms of the contract were not finalized. We find that the trial court was correct in its determination that the appellee was not a third party beneficiary.
In appellee's last assignment of error, he alleges that the trial court committed error because the Louisiana Arbitration law does not require that the appellant be a signatory to the agreement. La.R.S. 9:4201 provides, in pertinent part:
A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
Additionally, appellant cites Hurley v. Fox, 520 So.2d 467 (La.App. 4th Cir.1988), wherein the court held that R.S. 9:4201 does not require that the written agreement providing for arbitration be signed by both parties to the agreement. In the interpretation of contracts, the trial court's interpretation of the contract is a finding of fact subject to the manifest error rule. Pitts v. Bailes, 574 So.2d 511 (La.App. 3rd Cir.1991), writ denied 580 So.2d 380 (La.1991), reconsideration denied 581 So.2d 670; Conoco, Inc. v. Tenneco, Inc., 524 So.2d 1305 (La.App. 3rd Cir.1988), writ denied 525 So.2d 1048 (La.1988). The Court of Appeal may not set aside a trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong". Stobart v. State through DOTD, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). Although the appellant is correct in his interpretation of the law regarding arbitration, we disagree with his application of the law to the present matter. It was not the intent of the appellees that the appellant would be a party to the Agreement. The arbitration clause was included to govern any disputes which may arise between the contracting parties. Furthermore, the appellant resigned from his position with Prestige prior to reaching an employment agreement. Had the appellant reached an agreement with Prestige, he may have had standing as a third party beneficiary to enforce the arbitration clause.
For the reasons stated above, we find that the trial court properly dismissed the appellant's petition. All costs are assessed to the appellant.
AFFIRMED.