| iLAJNTDRIEU, Judge.
At issue in this ease is whether the arbitration clause of an agreement between the parties is enforceable. The trial court granted appellee’s petition to enforce arbitration and we affirm.
FACTS
In 1993, Charles Grabert formed and incorporated Prestige Yachts, Inc., a Louisiana corporation. That year, Clarence A. Greco purchased a fifty (50%) percent ownership in the company and Grabert retained the other fifty (50%) percent. Greco and Grabert then expanded into the Florida market and formed Prestige Yachts, Inc., a Florida corporation.
On December 16, 1994, Grabert and Greco entered into an agreement regarding future management, control, and operations of Prestige Yachts, Inc. (Prestige). The agreement was approved and accepted by the Board of Directors of Prestige the following day. At the December 24,1994, meeting of the Board of Directors, new officers were elected and Greco obtained control of the Board.
^During the next few months, various disagreements arose between Greco and Gra-bert resulting in Grabert’s termination as president of Prestige. Grabert sought to arbitrate his termination, as per their agreement, but Greco refused.
On June 2, 1995, Charles Grabert filed a Petition to Enforce Arbitration Clause and in response, Greco filed a Declinatory Exception of Lis Pendens based on Bryon Gra-bert’s Petition to Enforce Arbitration Clause.[1] After a hearing on July 28, 1995, the trial court denied Greco’s exception of Iis pendens and ordered him to answer Gra-bert’s petition. A hearing was scheduled for August 25, 1995, but was cancelled when Greco’s attorney notified Grabert and the Civil District Court Clerk that Greco would consent to judgment. However, Greco’s attorney never signed the consent judgment submitted by Grabert’s attorney.
A hearing was held on December 15, 1995, for Greco to show cause why the consent judgment drafted by Grabert should not be enforced. The trial court granted Grabert’s Petition to Enforce Arbitration.
Greco appeals and cites the following assignments of error:
1. The law of the ease prohibited the trial court from forcing Greco into arbitration;
2. The trial court granted judgment without requiring evidence; and
8. Greco and Prestige Florida did not have an employment contract with Grabert and Prestige Louisiana.

ASSIGNMENT OF ERROR NO. 1

I gGreco argues that the holding cited in Grabert v. Greco, 95-CA-1781 (La.App. 4th Cir. 2/29/96), 670 So.2d 571 is the law of this case. In Grabert, the Court found that the arbitration clause in the agreement, which is at issue in the present case, was not binding as to Bryon Grabert, Charles’s father, because he was not party to or signatory of the agreement.
However, Greco’s argument is misplaced because the law of the case doctrine “applies only to issues decided earlier in the same proceeding involving the same parties.” Safeco Ins. Co. of Amer. v. Palermo, 422 So.2d 1375,1376 (La.App. 1st Cir.1982), aff'd, 436 So.2d 536 (La.1983). Not only are the parties different in the two suits, but Bryon Grabert was in a completely different posture than Charles Grabert is in the present case. In Grabert, the Court had to decide whether the arbitration agreement could be enforced by a person who was not a party to the agreement. In the case at hand, at issue is whether the arbitration clause is binding *1034 between the two signatories of the agreement. Accordingly, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2

Greco argues that because the plaintiff presented no evidence, either documentary or testimonial, at the hearing on the motion to enforce arbitration, the trial court erred in enforcing the arbitration clause. La.Rev. Stat. Ann. § 9:4203 (West 1991) states in pertinent part:
The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply herewith is not an issue, the court shall issue an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.
Greco contends that the letter of agreement attached to Grabert’s petition to enforce arbitration was not entered into evidence at the hearing. We find this argument without merit. The agreement had been presented to and was before the trial court. Both the trial court and Greco referred to the letter and recited |4verbatim from the letter throughout the proceeding. At no time during the hearing did Greco contest the authenticity of the agreement, argue that it was not before the court, or object that the document had not been formally introduced. Although no formal tender was made, the court by its action admitted the document and considered it as competent evidence.
Greco further asserts that the trial court erred because the plaintiff offered no testimony as to the intent of the letter. La. Civ.Code. Ann. art. 1836 (West 1987) states that “an act under private signature is regarded prima facie as the true and genuine act of a party executing it when his signature has been acknowledged, and the act shall be admitted in evidence without further proof.” The parties acknowledged to the trial court the authenticity' of the signatures so the agreement is prima facie as the true and genuine act of the parties.
Under La. Civ.Code Ann. art. 1848 (West 1987), “[tjestimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature.” (Emphasis added). Because this is an agreement under private signature, parole evidence was inadmissible to negate its contents.
The trial judge obviously believed that the letter in question is not one of intent, but of agreement. We concur. The language in the letter is very clear: “This letter sets forth the agreement ... Greco and Grabert hereby agree as follows ... [tjhey further agree.... ” In fact, the words agree, agreed, and agreement occur 33 times in the seven page letter.
We find no merit in this assignment of error.

ASSIGNMENT OF ERROR NO. 3

1 ¡¡Greco argues that, if there was an agreement, it was between Grabert and Prestige Louisiana and that he is not a proper party of the agreement. We disagree. The agreement that Greco signed states in its opening paragraph:
This letter sets forth the agreement between my client, Clarence A. Greco (“Gre-co”) and your client, Charles S. Grabert (“Grabert”) with respect to the ownership, management, and operation of Prestige Yachts, Inc., a Louisiana Corporation (“Prestige Louisiana”), and Prestige Yachts, Inc., a Florida Corporation (“Prestige Florida”).
Additionally, Greco was in control of the board of directors of Prestige Louisiana and Prestige Florida. Accordingly, Greco is a proper party to this litigation.
Greco also asserts that Prestige Florida is not a proper party. The letter agreement states that “Greco and Grabert agree to cause Prestige Louisiana to enter into an employment contract with Grabert....” However, Prestige Louisiana and Prestige Florida were operating as a single entity, Prestige Yachts, at the time of this agreement.
The December 17, 1994, minutes of the board of directors meeting that adopted the agreement at the heart of this suit is headed “Board of Directors Meeting Called to Order” and lists both New Orleans and Pensa *1035 cola addresses. The minutes of the meeting state:
The purpose of this meeting is to bring the shareholders of Prestige Yachts, Inc., together. For the continued operations of Louisiana and Florida a written agreement is presented to the shareholders for review and signatures.
Clarence and Chuck reviewed the agreement they were to enter into between themselves as officers of Prestige Yachts, Inc. This agreement is to restructure Prestige Yachts, Inc., organization. It further sets out and defines petitions of parties and the future operation of Prestige Yachts, Inc.
Clarence signed as shareholder and officer of the company....
Chuck and Clarence agreed to all provisions in the agreement formally and verbally, therefore said agreement was adopted by officers and members of the board.
Therefore, this assignment of error is without merit.
| r>Accordingly, the judgment of the trial court is affirmed.

AFFIRMED.

. Biyon Grabert, Charles’s father, was vice-president and manager of operations of Prestige Florida. The agreement between Charles Grabert and Greco, dated December 16, 1994, provided for the negotiation of terms under which Biyon Grabert would be employed. When his employment was later terminated, he attempted to enforce the arbitration clause in the agreement. The trial court denied his petition and this Court affirmed because Biyon Grabert was neither a party to the agreement nor a third party benefi-ciaiy. Grabert v. Greco, 95-CA-1781 (La.App. 4th Cir. 2/29/96, 670 So.2d 571).