| iBARRY, Judge,
dissenting with reasons.
Greco maintains that the December 16, 1994 agreement “to cause Prestige Louisiana to enter into an employment contract with Grabert” does not constitute an employment contract and (n)o employment agreement or contract was entered into between Prestige Louisiana and Grabert. Greco argues that Grabert v. Greco, 95-1781 (La.App. 4th Cir. 2/29/96), 670 So.2d 571 (the prior appeal) decided that issue and is the law of the case. I disagree. However, this court should address Greco’s argument concerning the employment contract.
Grabert states that it is “axiomatic that when the sole shareholders and directors of a corporation enter into an agreement stating that they will ‘cause’ the corporation to do or perform certain acts, once that Agreement is executed and adopted, it is the agreement ... and the shareholders/directors have fulfilled their obligation ‘to cause’.” Grabert cites no authority.
Where parties intend to reduce their negotiations to a written contract, neither party is bound until the contract is reduced to writing and signed by both parties. Baker v. Maclay Properties Co., 94-1529 (La.1/17/95), 648 So.2d 888, 896. That is because
it is a part of the bargain that the contract shall be reduced to writing- (T)he final consent is suspended; the contract is inchoate, incomplete, and it cannot be enforced until it is signed by all the parties.
| ¡Breaux Brothers Construction Co. v. Associated Contractors, Inc., 226 La. 720, 77 So.2d 17, 20 (1954).[1]
In this case, the terms were reduced to a letter agreement signed by Grabert and Gre-co, and a future written contract was referenced.
Newport Ltd. v. Sears, Roebuck & Co., 6 F.3d 1058 (5th Cir.1993), cert. den. 512 U.S. 1221, 114 S.Ct. 2710, 129 L.Ed.2d 836 (1994), applied Louisiana law and held that when parties intend to be bound, a preliminary written agreement is enforceable even though it refers to a future written agreement.
The settled jurisprudence of this State is, that an agreement between parties, where their minds have met upon all essentials, constitutes a contract between them and binds them at once although they may have agreed that they would thereafter execute a formal instrument containing the terms of their present agreement.
Newport Ltd. v. Sears, Roebuck & Co., 6 F.3d at 1065, quoting Mermelstein v. Schwab, 64 So.2d 37, 38 (La.App.Orl.1953). See also Chevron U.S.A. Inc. v. Martin Exploration Co., 447 So.2d 469 (La.1984), which held that a written “preliminary” agreement which referenced a future “written agree *1036 ment ... finalizing the points listed above” was not an agreement to agree, but an actual contract. Id. at 473.
The parties’ intent in Newport Ltd. was inferred from their actions subsequent to the agreement in dispute. Newport Ltd. v. Sears, Roebuck & Co., 6 F.3d at 1065.
Mermelstein, Chevron, and Newport are in concert that a letter agreement is binding.
This assumes that the letter agreement, signed by Grabert and Greco, is |3binding on Prestige Louisiana. The majority says it was approved by the board the next day, but the record doesn’t show whether the board’s minutes (attached to Grabert’s brief), were admitted into evidence.
As to the third assignment, Prestige Florida is a separate legal entity and was not bound. The letter agreement provides the terms of the employment contract between Prestige Louisiana and Grabert. Although the letter agreement states that Grabert shall be employed as President of Prestige Louisiana and Prestige Florida, and Grabert shall be entitled to a bonus of 10% of the profits of Prestige Louisiana (“which shall include Prestige Florida if it is not merged into Prestige Louisiana ... ”), there is no showing that the companies merged. Even if the board of Prestige Florida approved the contract for Prestige Florida, the arbitration clause provides for arbitration of “any disputes concerning Grabert’s employment contract with Prestige Louisiana....”
I respectfully dissent.

. That is distinguishable from a complete verbal contract (which the law does not require to be reduced to writing) and a subsequent agreement that it shall be reduced to writing. The original verbal contract is not impaired by the failure to complete the subsequent agreement to reduce the contract to writing. Breaux Brothers Construction Co. v. Associated Contractors, Inc., 77 So.2d at 20.